UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLYN FORREST,

                Plaintiff,

-against-

UNIFUND FINANCIAL GROUP, INC.,
UNIFUND AMERICA, INC.,
UNIFUND PARTNERS FUND, L.P. SERIES X,
UNIFUND PARTNERS FUND, L.P. SERIES XI,
UNIFUND PARTNERS FUND, L.P. SERIES XII,
UNIFUND PARTNERS FUND, L.P. SERIES XIV,
RALPH SCOTT BARTER and
MURIEL BARTER,

                Defendants.

Case No. 04 CV 5151 (LTS)

**DECLARATION OF**
**ALFRED FERRER III**

    ALFRED FERRER III, pursuant to 28 U.S.C. § 1746, declares as follows:

    1.    I am an attorney admitted to practice in this court, and I am of counsel to the firm of Eaton & Van Winkle LLP, attorneys for defendants.

    2.    I respectfully submit this declaration in support of the motion by all defendants, pursuant to Fed. R. Civ. P. 9(b) and 12(b)6, to dismiss the Complaint, dated June 28, 2004, in order to include in the motion papers, for the convenience of the Court, a true copy of the Complaint, dated June 28, 2004, which is the subject of defendants' motion.

    WHEREFORE, as demonstrated in the accompanying Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint, dated October 12, 2004, defendants respectfully request this Court, pursuant to Fed. R. Civ. P. 9(b) and 12(b)6, to dismiss the

Complaint, dated June 28, 2004, and to grant such other relief in favor of defendants as the Court deems just.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 12, 2004, in New York, New York.

_____S/_____<br>
ALFRED FERRER III (AF 3661)

*Eric N. Aglow, Esq.*
**UAW-GM Legal Services Plan**
*10 Woodbridge Center Drive*
*Suite 730*
*Woodbridge, New Jersey 07095*
*Voice: 732 602 1166*
*Fax:   732 602 9730*
*E-mail: Ericag@Uawlsp.com*
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

**CAROLYN FORREST**

                Plaintiff

  -against-

**UNIFUND FINANCIAL GROUP, INC.;**
**UNIFUND AMERICA, INC.;**
**UNIFUND PARTNERS FUND, L.P. Series X;**
**UNIFUND PARTNERS FUND, L.P. Series XI;**
**UNIFUND PARTNERS GROUP, L.P. Series XII**
**UNIFUND PARTNERS GROUP, LP, Series XIV**
**RALPH SCOTT BARTER and**
**MURIEL BARTER**
                Defendants.

**COMPLAINT**
**JURY TRIAL DEMAND**

Case No. *04-CV-5151 (LTS)*

ECF CASE

-----------------------------------------------------------------x

**COMPLAINT FOR MONETARY DAMAGES**

    Plaintiff Carolyn Forrest, by and through counsel, Eric N. Aglow, Esq.,  UAW Legal Services Plan, for her complaint states the following:

# Exhibit A

## INTRODUCTION

1. Plaintiff was induced by misrepresentations by the Defendants to invest a large portion of her available retirement funds in a very risky enterprise, unregistered in any state. She seeks monetary damages.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. 1332 because the matter in controversy exceeds the sum of $75,000 and there is complete diversity of citizenship. Plaintiff is an individual residing in, and a citizen of, Michigan and all the defendants are citizens of New York State.

3. Venue is proper in this Court pursuant to 28 U.S.C. 1391 (a) and (c).

4. Plaintiff is an individual residing at 6605 Heron Point, West Bloomfield, Michigan 48323.

5. Defendants Unifund Financial Group, Inc., and Unifund America, Inc., (hereinfter "Unifund") are New York corporations, organized and existing under the laws of the State of New York, with principal place of business, by information and belief, at 540 Madison Ave., New York City, New York and 575 Madison Ave., New York City, New York.

6. Defendants Unifund Partners Fund, L.P., Series X, Unifund Partners Group, L.P., Series XI, Unifund Partners Group, L.P., Series XII and Unifund Partners Group, L.P., Series XIV, are limited partnerships, with Unifund Financial Group, Inc., as the general partner of each (hereinafter referred to as "Unifund Partners").

7. Defendant Ralph Scott Barter is an individual residing, by information and belief, at 10 Harbor Street, East Hampton, New York. At all relevant times, he was President and principal owner of Unifund Financial Group, Inc, and the other Unifund Defendants.

8. Defendant Muriel Barter is an individual residing, by information and belief, at 333 E. 49th Street, Apt. 8H, New York City, New York 10017. At all times relevant, she was an employee and/or officer of Unifund Financial Group, Inc, and other Unifund Defendants.

9. In July 1998, Plaintiff was solicited by Muriel Barter to purchase investments created and marketed by Defendants Unifund.

10. At said time, an all times relevant herein, Plaintiff was an unsophisticated investor with retirement and severance money to invest to fund her retirement.

11. Defendants Muriel and Ralph Barter, acting on behalf of Unifund, encouraged Plaintiff to rely on them for investment advise and portrayed themselves as a "securities broker".

12. By information and belief, Defendant Barters were not licensed as security brokers.

13. Defendant Barters advised Plaintiff to invest in limited partnerships, with Unifund corporations as general partner.

14. Defendant Barters advised that said investments would be good and appropriate investments for retirement money by an investor with limited other resources for retirement and that these investments would be safe.

15. Said investments sold to Plaintiff by defendants were not registered with the state or federal government.

16. Plaintiff was not informed of said non-registration prior to purchasing the securities.

17. Beginning in July 1998, Plaintiff invested over $200,000 in four limited partnerships sold by defendants; namely Unifund Partners Fund, L.P., Series X, XI, XII and XIV. Each limited partnership had Unifund Financial Group as its general partner.

18. Each partnership involved a promissory note for half the investment, payable at 15% interest annually, with the principal payable in either 3 or 4 years.

19. The remaining 50% of each limited partnership was to be invested by the general partner in "emerging small capitalization companies" to be identified by the general partner.

20. Account statements from Unifund put the value of the investments at $272,000 in the year 2000.

21. In January 2000, Defendant Barters also induced Plaintiff to invest $21,151 in a promissory note with an entity entitled Fifthmar Capital Corporation which, by its terms, was payable in three years.

22. When the limited partnerships' principal became due, nothing was paid to Plaintiff despite demands from Plaintiff.

23. None of the Defendants have been paid on any of the promissory notes despite said demands from Plaintiff to pay.

24. Defendants have never revealed to Plaintiff where the money was invested nor where the alleged gain in the account has gone.

## COUNT I

## BREACH OF CONTRACT

25. Plaintiff realleges paragraphs 1-24 as stated above.

26. Defendants Unifund and Unifund Partners made contractual promises to pay promissory notes, which have come due but are all unpaid, in principal and interest.

27. Plaintiff has lost principal in the amount of over $200,000 and interest promised at rates of 15% and 12 ½% annually due to the failure of Defendants to pay as contractually required.

## COUNT II

## BREACH OF FIDUCIARY DUTY

28. Plaintiff realleges paragraphs 1-27 as stated above.

29. Defendants, acting through Defendant Barters, induced Plaintiff to rely on said Defendant and Unifund for advice and counsel on investments and securities.

30. Plaintiff had little experience in this area and Plaintiff continuously communicated a need for advice to all Defendants.

31. Defendants owed a fiduciary duty to act in good faith and give reasonable and adequate advice, and to refrain from enriching themselves at the expense of Plaintiff.

32. Defendants breached their duty, encouraging and advising Plaintiff to place most of her retirement assets in very risky, unregistered limited partnerships that enriched Defendants at Plaintiff's expense.

## COUNT III

### FRAUD AND CONSPIRACY TO COMMIT FRAUD

33. Plaintiff realleges paragraphs 1-32 as stated above.

34. In soliciting Plaintiff, Defendants acted in concert to make fraudulent statements and representations regarding the investments they marketed, including:

- Defendant Barters were qualified and licensed to provide investment advice and sell securities.
- That the investments they were recommending were safe and secure and not putting Plaintiff's principal at risk.
- That the limited partnerships were suitable investments for a large portion of an investors limited retirement funds.
- That the company offering these securities was experienced, solvent and trustworthy.

28  Defendants did not disclose that the investments involved were not registered, as required by law, for sale to unsophisticated investors of limited means.

35. Defendants intentionally misrepresented the safety and security of said investments, knowing that the partnerships were risky and unsuitable and did so with reckless indifference for the needs of the Plaintiff.

36. Defendants intended that Plaintiff rely on these misrepresentations, and Plaintiff did so rely in deciding to purchase the investments.

37. The intentional fraudulent conduct caused the loss of Plaintiff's investments and great emotional distress.

**WHEREFORE**, Plaintiff demands Judgment by this Court against Defendants as follows:

    a. Compensatory damages, general and special;

    b. Punitive damages;

    c. Interest, costs of suit, attorney's fees;

    d. For such other relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of any issues triable by jury pursuant to Fed.R.Civ. Pro.38.

Dated: June 28, 2004    /s_____
                                         Eric N. Aglow ( EA 7223)

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

                                           /s_____
                                           Eric N. Aglow (EA 7223)