UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLYN FORREST,

Plaintiff,

-against-

UNIFUND FINANCIAL GROUP, INC.,
UNIFUND AMERICA, INC.,                    Case No. 04 CV 5151 (LTS)
UNIFUND PARTNERS FUND, L.P. SERIES X,
UNIFUND PARTNERS FUND, L.P. SERIES XI,
UNIFUND PARTNERS FUND, L.P. SERIES XII,
UNIFUND PARTNERS FUND, L.P. SERIES XIV,
RALPH SCOTT BARTER and
MURIEL BARTER,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Defendants respectfully submit this memorandum of law in support of their motion,

pursuant to Fed. R. Civ. P. 9(b) (failure to allege fraud with particularity), 9(g) (failure to allege

special damages with specificity) and 12(b)6 (failure to state a claim upon which relief can be

granted, including claims time-barred by the applicable statute of limitations), to dismiss the

Complaint, dated June 28, 2004.[1]

## SUMMARY OF ARGUMENT

This is precisely the type of stale, meritless suit both the Private Securities Litigation

Reform Act of 1995 and the more recent Sarbanes-Oxley Act of 2002 were intended to preclude.

---

[1]A true copy of the Complaint is annexed as Exhibit A to the accompanying Declaration
of Alfred Ferrer III, dated October 12, 2004, and will be referred to as "Complaint, ¶ __".

Despite the later Act's generous extension of the statute of limitations for securities fraud actions (which must now be brought no later than the earlier of two years after discovery of facts constituting the claimed violation or five years after such violation), all three of the vague counts in the Complaint are beyond that five-year period. With one exception[2], the only specific date alleged for any purported violation is July 1998 (Complaint, ¶¶ 9, 17), well beyond five years from the June 30, 2004, filing of the Complaint (Complaint, court stamp on first page).

Plaintiff's attempt to revive such stale claims by trying to sidestep federal law and to assert state common law claims is similarly flawed. The "Breach of Fiduciary Duty" Claim (Count II, Complaint ¶¶ 28-32) is beyond the three-year state limitations period for such claim. Nor does plaintiff allege any facts which would establish the existence of a fiduciary duty owed by any defendant to plaintiff. With respect to the "Fraud and Conspiracy to Commit Fraud" claim (Count III, Complaint ¶¶ 33-37), plaintiff's vague pleading does not even come close to satisfying the requirement of Fed. R. Civ. P. 9(b) that "the circumstances constituting fraud shall be stated with particularity." There is similarly no adequate allegation of facts constituting any conspiracy, and such claim, even if adequately pleaded, would fail for the insufficient particularity of the underlying fraud claim. Even with respect to Count I, the "Breach of Contract" claim (Complaint, ¶¶ 25-27), the Complaint fails to sufficiently allege the elements of a common law breach of contract claim.

---

[2]The single exception is paragraph 21 of the Complaint which alleges that "[i]n January 2000" Plaintiff was induced to invest "in a promissory note with an entity entitled Fifthmar Capital Corporation." However, that entity is neither named as a defendant nor does it expressly appear from the face of the Complaint that such allegation is included in any of the three claims for relief (Counts I, II and III) or the demand for relief (Complaint, ¶¶ 25-37, and "WHEREFORE" paragraph on the Complaint's last page).

Further, the Complaint fails to allege any facts which would state any claim against defendant Unifund America, Inc., and each of the three counts, as more fully discussed below, fails to adequately plead a claim against all other defendants.

Finally, plaintiff's request for punitive damages (Complaint, "WHEREFORE" paragraph at "b") is untenable as a matter of law; no facts are alleged which would support a claim for attorney's fees sought in subparagraph "c"; and "special" damages (subparagraph "a") are not alleged with the specificity required of Fed. R. Civ. P. 9(g).

For those multiple, overlapping reasons, defendants respectfully urge the Court to dismiss the Complaint in its entirety or, in the alternative, those counts, defendants, and requests for relief the Court determines to be legally insufficient.

## ARGUMENT

**I.    THE BREACH OF FIDUCIARY DUTY CLAIM (COUNT II) MUST BE DISMISSED AS IT IS TIME-BARRED.**

Section 214(4) of the New York Civil Practice Law and Rules ("CPLR") sets a three-year limitations period for "an action to recover damages for an injury to property ...." The New York Courts have interpreted that statute to apply to breach of fiduciary duty claims seeking monetary damages. Kaszirer v. Kaszirer, 286 A.D.2d 598, 730 N.Y.S.2d 87 (1st Dep't 2001); Tatko v. Sheldon Slate Products Co., Inc., 2 A.D.3d 1030, 769 N.Y.S.2d 626 (3rd Dep't 2003); Bello v. New England Financial, 3 Misc.3d 1109(A), ___ N.Y.S.2d ___, 2004 WL 1305515, 2004 N.Y. Slip Op. 50520(U) (Sup. Ct., Nassau Co., May 20, 2004).

The Complaint seeks monetary damages (Complaint, ¶ 1, "WHEREFORE" paragraph), and New York's three-year statute of limitations therefore applies to the breach of fiduciary duty

claim. This action was commenced on June 30, 2004, as confirmed by this court's "received" stamp on that date (Complaint, first page). The Complaint's assertion of a breach of fiduciary duty claim based on alleged conduct in "July 1998" (Complaint ¶¶ 9, 17) and possibly "January 2000" (Complaint ¶ 21; *but see* footnote 2 in this memorandum), is in all events at the least four-and-a-half years before the commencement of this action. Accordingly, the breach of fiduciary duty claim is time-barred.

While the Court need not reach the issue since the breach of fiduciary duty claim is wholly time-barred, we note that the Complaint fails to plead facts which would even establish a fiduciary duty owed to plaintiff by any defendant, underscoring--together with the multiple other legal insufficiencies discussed throughout this memorandum--the lack of merit of the entire Complaint.

## II.    THE FRAUD AND CONSPIRACY TO COMMIT FRAUD CLAIM (COUNT III) MUST BE DISMISSED FOR FAILURE TO PLEAD FRAUD WITH PARTICULARITY.

Fed. R. Civ. P. 9(b) mandates that allegations of fraud "shall be stated with particularity."[3] To satisfy that requirement, the pleading must specify the time, place, speaker, and content of the alleged misrepresentations. American Tissue, Inc., v. Donaldson, Lufkin & Jenrette Securities Corporation, et al., 2004 WL 1794495 (S.D.N.Y., Lynch, J., August 10, 2004); Stern v. General Electric Company, et al., 924 F.2d 472 (2nd Cir. 1991).

Plaintiff's "Fraud and Conspiracy to Commit Fraud" claim (Complaint, ¶¶ 33-37) fails to include such legally-required particularity. Other than the single allegation in paragraph 9 that,

---

[3]New York's CPLR 3016(b) imposes a similar requirement for allegations of fraud: "[w]here a cause of action or defense is based upon misrepresentation, fraud, ... the circumstances constituting the wrong shall be stated in detail."

"[i]n July 1998, Plaintiff was solicited by Muriel Barter," neither the time, place, means of communication, or persons present with respect to any specific communication are pleaded. Rather, only general categories of alleged subjects are pleaded, amidst the background of allegations of plaintiff's repeated investments over time in at least four separate partnership entities. Complaint, ¶¶ 17, 33-35.

With eight defendants named in the Complaint--two corporations, four partnerships, and two individuals–each of the fraud allegations refers generally to all eight defendants without any particularization of which particular defendant or defendants are alleged to have made the claimed statements. Complaint, ¶¶ 34 ("Defendants"), 28 [sic]("Defendants"), 35 ("Defendants"), 36 and ("Defendants").

This vague pleading of fraud is legally insufficient when measured by this Court's recent decision in American Tissue and the Second Circuit's controlling decision in Stern. Accordingly, the "Fraud and Conspiracy to Commit Fraud" claim must be dismissed for failure to plead with the particularity required by Fed. R. Civ. Pro. 9(b).

**III.    THE FRAUD AND CONSPIRACY TO COMMIT FRAUD CLAIM (COUNT III) MUST BE DISMISSED FOR THE ADDITIONAL REASON THAT NEW YORK DOES NOT RECOGNIZE AN INDEPENDENT CAUSE OF ACTION FOR CONSPIRACY TO COMMIT FRAUD.**

New York does not recognize an independent cause of action for a conspiracy to commit a tort. Sokol v. Addison, 293 A.D.2d 600, 742 N.Y.S.2d 311 (2d Dep't 2002); Pappas v. Passias, 271 A.D.2d 420, 707 N.Y.S.2d 178 (2d Dep't 2000); Alexander & Alexander of New York, Inc. v. Fritzen, 68 N.Y.2d 968, 510 N.Y.S.2d 546 (1986).

5

Thus, the allegations of conspiracy contained in Count III (Complaint, heading to Count III and ¶ 34)–which are frivolous hyperbole at best--are legally insufficient both in themselves and because the fraud allegations in Count III are legally insufficient pursuant to Fed. R. Civ. Pro. 9(b).

**IV.    THE BREACH OF CONTRACT CLAIM (COUNT I) MUST BE DISMISSED BECAUSE THE COMPLAINT FAILS TO PLEAD THE NECESSARY ELEMENTS OF A CAUSE OF ACTION FOR BREACH OF CONTRACT; ALTERNATIVELY, THE BARTERS AND ANY OTHER DEFENDANTS NOT SPECIFICALLY ALLEGED TO HAVE ENTERED INTO A CONTRACT WITH PLAINTIFF MUST BE DISMISSED FROM SUCH CLAIM.**

The vague, confusing allegations of Count I (Complaint, ¶¶ 25-27) are legally insufficient to state a claim for relief for breach of contract under New York law.  The essential allegations of a breach of contract claim include:  (i) the parties who entered into the contract, (ii) that consideration was given, (iii) that the plaintiff has duly performed all conditions of the contract on her part, (iv) the essential terms of the contract, (v) and that plaintiff has sustained damages as a consequence.  *See e.g.,* Kosson v. Algaze, 84 N.Y.2d 1019, 1021, 622 N.Y.S.2d 674, 675 (1995); Sud v. Sud, 211 A.D.2d 423, 621 N.Y.S.2d 37, 38 (1st Dep't 1995).

For example, the confusing allegations of Complaint do not clearly identify who are asserted to be the parties to the alleged contracts.  Paragraph 26 alleges that Unifund (defined by the Complaint as two corporations; *see* ¶ 5) and Unifund Partners (defined by the Complaint as four limited partnerships; *see* ¶ 6) made contractual promises to pay promissory notes.  The very next allegation, paragraph 27, refers to "Defendants" (which number eight, including the Barters) having failed to pay as contractually required.  In addition to paragraph 27 conflicting with paragraph 26 as to who exactly is alleged to be a party to the promissory notes, there is no prior

6

allegation that the Barters or Unifund America Inc., or even Unifund Financial Group, Inc, were ever parties to any promissory note. *See* Complaint, ¶¶ 18, 21, 22, 23. Adding to the legal inadequacy of pleading, paragraph 23 appears to be totally confused in alleging that "None of the <u>Defendants</u> have been paid on any of the promissory notes despite said demands from Plaintiff to pay." (Emphasis added).

Thus, even with respect to as essential a pleading requirement as who the parties to the alleged contract are, this Complaint fails. While the whole claim should be dismissed as inadequately pleaded, at a minimum the Barters and the two Unifund corporate entities should be dismissed from this claim. *See e.g.,* <u>Lipton v. Unumprovident Corp.</u>, ___ N.Y.S.2d ___, 2004 WL 2164871, 2004 N.Y. Slip Op. 06744 (2d Dep't Sept. 27, 2004); <u>Fabozzi v. Coppa</u>, 5 A.D.3d 722, 774 N.Y.S.2d 555 (2d Dep't 2004).

Beyond the insufficiency of pleading with respect to the parties to the alleged contracts, there is no allegation that the alleged contracts were supported by valid and sufficient consideration, or that plaintiff duly performed all the conditions of the contract on her part. Partially, but inadequately, pleaded are the terms of the contract, and there are no pleaded dates of such obligations, or even how many alleged promissory notes or other contracts are alleged.

This sloppy, legally inadequate claim should be dismissed, or, at a minimum, the Barter defendants and the Unifund corporate defendants dismissed from it.

## V. PLAINTIFF'S CLAIMS FOR PUNITIVE AND SPECIAL DAMAGES, AS WELL AS ATTORNEY'S FEES, MUST BE DISMISSED.

Plaintiff's request for punitive damages (Complaint, "WHEREFORE" paragraph at "b") is untenable as a matter of law given the allegations of the Complaint. The New York Court of

Appeals has stressed that punitive damages, generally not available at all in contract actions, are available in tort cases only in those limited circumstances where it is necessary to deter the most egregious conduct involving a pattern directed at the public generally.  New York University v. Continental Insurance Co., 87 N.Y.2d 308, 639 N.Y.S.2d 283 (1995); Rocanova v. Equitable Life Assur. Soc. of U.S., 83 N.Y.2d 603, 612 N.Y.S.2d 339 (1994).

Even under the most embellished reading of the Complaint, the allegations fail to reach that high level of public wrong required to sustain a punitive damages claim under New York law.

At subparagraph "c" of the WHEREFORE paragraph, plaintiff asserts a claim for attorney's fees.  Yet the Complaint contains no allegations which would support such a claim. No contractual basis for an award of attorney's fees is pleaded, nor is any statutory basis for such a recovery.  Accordingly, plaintiff's claim for attorney's fees must be dismissed.

Finally, plaintiff's claim for "special" damages ("WHEREFORE paragraph, at "a") must be dismissed for the Complaint's failure to allege such damages with the specificity required of Fed. R. Civ. P. 9(g).  The Complaint is devoid of such specificity, and the special damages claim must therefore be dismissed..

## CONCLUSION

For the above reasons, defendants respectfully request this Court, pursuant to Fed. R. Civ. P. 9(b), 9(g) and 12(b)6, to dismiss the Complaint, dated June 28, 2004, in its entirety, or in the

alternative to dismiss such claims, parties and relief as the Court deems proper, and to grant such

other relief in favor of defendants as the Court deems just.

Dated:  New York, New York
        October 12, 2004

EATON & VAN WINKLE LLP

By:  S/

Alfred Ferrer III, Esq. (AF 3661)
3 Park Avenue, 16th Floor
York, New York 10016
(212) 779-9910;  Fax: (212) 779-9928
aferrer@evw.com
Attorneys for Defendants