ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLYN FORREST,

        Plaintiff,

-v-                                  No. 04 Civ. 5151 (LTS)

UNIFUND FINANCIAL GROUP, INC.,
UNIFUND AMERICA, INC.,
UNIFUND PARTNERS FUND, L.P. SERIES X,
UNIFUND PARTNERS FUND, L.P. SERIES XI,
UNIFUND PARTNERS FUND, L.P. SERIES XII,
UNIFUND PARTNERS FUND, L.P. SERIES XIV,
RALPH SCOTT BARTER, and
MURIEL BARTER,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/06/05

MEMORANDUM OPINION AND ORDER

APPEARANCES:

| UAW-GM LEGAL SERVICES PLAN | EATON & VAN WINKLE LLP |
| --- | --- |
| By: Eric N. Aglow, Esq. | By: Alfred Ferrer III, Esq. |
| 10 Woodbridge Center Drive, Suite 730 | Three Park Avenue, 16th Floor |
| Woodbridge, NJ 07095 | New York, NY 10016 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

LAURA TAYLOR SWAIN, United States District Judge

Copies ... to attys for Pltffs
Chambers of Judge Swain    5/5/05

Plaintiff Carolyn Forrest ("Forrest") brings this action, asserting causes of action for breach of contract, breach of fiduciary duty, fraud, and conspiracy to commit fraud, against Unifund Partners Fund, L.P. Series X, Unifund Partners Fund, L.P. Series XI, Unifund Partners Fund, L.P. Series XII, Unifund Partners Fund, L.P. Series XIV (collectively "Unifund Partners"), Unifund Financial Group, Inc. ("Unifund Financial"), Unifund America, Inc. ("Unifund America"), Ralph Scott Barter and Muriel Barter. This matter comes before the Court on the motion of Defendants to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted, and pursuant to Rule 9(b) of the Federal Rules of Civil Procedure for failure to adequately plead fraud. Plaintiff asserts that the Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332. The Court has considered thoroughly all the parties' submissions and argument in connection with the instant motion. For the following reasons, the complaint is dismissed for lack of subject matter jurisdiction, with leave to replead certain causes of action.

## BACKGROUND

The following facts, which are alleged in the complaint, are taken as true for the purpose of deciding the instant motion. Carolyn Forrest, an individual, is a citizen of Michigan. (Compl. ¶ 4.) Defendants Unifund Financial and Unifund America are corporations, incorporated under the laws of New York with their principal places of business in New York. (Id. ¶ 5.) The defendants Unifund Partners are limited partnerships. Defendant Unifund Financial is general partner of each of the limited partnerships. (Id. ¶¶ 6, 13, 17.) Plaintiff makes no specific allegations regarding the citizenship of the limited partners in the various partnerships, but does allege that she made debt and limited partnership interest investments in

each of the limited partnerships. (Id. ¶¶ 17, 18, 19.) Defendant Ralph Scott Barter, a citizen of New York, was president and principal owner of Defendants Unifund Financial, Unifund America and Unifund Partners. (Id. ¶ 7.) Defendant Muriel Barter, also a citizen of New York, was an employee and/or officer of Defendants Unifund Financial, Unifund America and Unifund Partners. (Id. ¶ 8.)

In July 1998, Muriel Barter solicited Forrest to purchase investments created and marketed by Unifund Financial. (Id. ¶ 9.) At that time and all times relevant to the Complaint, Forrest was an unsophisticated investor. (Id. ¶¶ 10, 30.) Muriel Barter is not a licensed securities broker. (Id. ¶ 12.) However, Muriel Barter portrayed herself to Forrest as a "securities broker." (Id. ¶ 11.) Muriel Barter encouraged Forrest to rely on her for investment advice, and advised Forrest to invest in limited partnerships. (Id. ¶¶ 11,17.) Muriel Barter advised Forrest that the recommended limited partnership investments would be "good and appropriate investments for retirement money by an investor with limited other resources for retirement," and that these investments would be safe. (Id. ¶ 14.)

Forrest agreed to purchase the recommended limited partnership investments using her retirement and severance money. (Id. ¶¶ 10.) Beginning in July 1998, Forrest invested more than $200,000 in Unifund Partners investments. (Id. ¶ 17.) The Unifund Partners investments were not registered with the state or federal government. (Id. ¶ 15.) Forrest was not notified by any of the Defendants that the Unifund Partners investments were not registered. (Id. ¶ 16.) For one half of each limited partnership investment, Forrest received a promissory note payable at fifteen percent interest annually, with principal payable in either three or four years. (Id. ¶ 18.) The remaining half of Forrest's limited partnership investments was to be invested by

the general partner in "emerging small capitalization companies" to be identified by the general partner. (Id. ¶ 19.) Account statements from the year 2000 valued Forrest's investments at $272,000. (Id. ¶ 20.)

In January 2000, Muriel Barter and/or Ralph Scott Barter, induced Forrest to invest an additional $21,151 in a promissory note with an entity named Fifthmar Capital Corporation. (Id. ¶ 21.) The Fifthmar promissory note, by its terms, became payable in three years. (Id.) The Fifthmar Capital Corporation, however, is not a party to this suit.

When the principal of Forrest's limited partnership investments became due, she demanded payment. (Id. ¶¶ 22, 23.) Defendants paid nothing on the promissory notes to Forrest. (Id. ¶¶ 22, 23) Defendants have not informed Forrest where her money was actually invested or what happened to the alleged gain from her investment activities with them. (Id. ¶ 24.)

## DISCUSSION

*Subject Matter Jurisdiction*

The Court has an independent obligation to satisfy itself that it has subject matter jurisdiction of the controversies before it. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). As noted above, Plaintiff asserts that she is a citizen of the state of Michigan, that each of the defendants is a citizen of New York State, and that the Court therefore has diversity jurisdiction of the instant controversy under 28 U.S.C. § 1332.

Alleging that Unifund, Inc., is both a citizen of New York and the general partner of the Unifund limited partnerships, Plaintiff alleges that the limited partnerships are all citizens

of New York. However, for diversity jurisdiction purposes, partnerships share the citizenship of each of their partners; the law makes no distinction for this purpose between general and limited partners. See Cooper v. Parsky, 140 F.3d 433, 438 (2d Cir. 1998). Here, Plaintiff asserts that she made both equity and debt investments in each of the defendant limited partnerships. Taking her allegations as true, the limited partnerships thus share her Michigan citizenship. Complete diversity of citizenship, and thus subject matter jurisdiction, therefore appears to be lacking in this case and it must be dismissed on that ground.

The Court will afford plaintiff an opportunity to amend her complaint to pursue her viable claims against the diverse defendants if she wishes to do so. In anticipation of such an amendment, the interests of judicial economy dictate that the Court address the issues raised in defendants' motion to dismiss the complaint, as certain of plaintiff's causes of action are not viable and will not be permitted to be reasserted in an amended complaint.

*Rule 12(b)(6) and 9(b) Standards*

Dismissal for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) is appropriate only where "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Onebeacon Ins. Co. v. Forman Int'l, Ltd., No. 04 Civ. 2271(RWS), 2005 WL 100849, at *3 (S.D.N.Y. Jan. 19, 2005) (quoting Bolt Elec., Inc. v. City of New York, 53 F.3d 465, 469 (2d. Cir. 1995)). In deciding such a motion, "the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor." Advanced Ceramics Corp. v. Saint-Gobain Advanced Ceramics Corp., No. 01 CV 7864(GBD), 2005 WL 323739, at *2 (S.D.N.Y. Feb. 10, 2005).

Federal Rule of Civil Procedure 9(b) provides that, "[i]n all averments of fraud . . .

the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). The particularity demanded by Federal Rule of Civil Procedure 9(b) requires a plaintiff to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Anatian v. Coutts Bank (Switzerland) Ltd., 193 F.3d 85, 88 (2d Cir. 1999) (quoting Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1984) (internal citations omitted)).

*Defendants' Motion to Dismiss the Breach of Fiduciary Duty Claim Pursuant to Rule 12(b)(6).*

The parties agree that it is appropriate to look to New York law for the statute of limitations for a breach of fiduciary duty cause of action. The parties disagree, however, as to which statute of limitations is applicable to the breach of fiduciary duty claim presented in the case at bar. Forrest argues that the six-year limitations period applicable to contract actions, pursuant to N.Y. C.P.L.R.§ 213(2), governs in this case. Defendants, however, argue that the three-year limitations period under N.Y. C.P.L.R. § 214(1) relating to actions to recover damages for injury to property applies.

The general rule is that the applicable statute of limitations for breach of fiduciary duty depends on the type of remedy sought. Loengard v. Santa Fe Indus., Inc., 70 N.Y.2d 262, 263, 514 N.E.2d 113, 519 N.Y.S.2d 801 (1987). Where the plaintiff is seeking equitable relief, the applicable statute of limitations is six years; when the plaintiff is seeking only monetary damages, the applicable statute of limitations is three years. See Cooper, 140 F.3d at 440-441. Here, Plaintiff seeks only monetary damages. See Complaint. The statute of limitations

applicable to her breach of fiduciary duty claim is therefore three years.[1]

Whether the claim can survive the statute of limitations prong of Defendants' motion to dismiss therefore depends on whether the relevant conduct occurred within the three-year period before the instant action was commenced. It is clear on the face of Plaintiff's complaint that her breach of fiduciary duty claims are time-barred. The allegations of breach of fiduciary duty turn on Defendants' alleged false representations and material omissions concerning Barter's status as a securities broker and the suitability of the Unifund entities as investments for a person of Plaintiff's age and investment goals. The representations, and Plaintiff's investments, were allegedly made in 1998, more than five years before the complaint in this action was filed. Plaintiff also alleges that she was induced to make a further investment in an entity called Fifthmar Capital Corporation in January 2000. This second alleged investment also predates the filing of the complaint by more than three years.

Accordingly, Plaintiff's claims for breach of fiduciary duty will be dismissed. Because it is apparent on the face of the complaint that they are time barred, she will not be granted leave to replead them.

---

[1] Citing, e.g., Sears, Roebuck & Co. v. Enco Assoc., Inc., 43 N.Y.2d 389, 372 N.E.2d 255, 401 N.Y.S.2d 767 (1977), Plaintiff argues for the application of what she characterizes as an exception to the three-year rule for cases in which the fiduciary duty arises in the context of a contract. The authorities upon which Plaintiff relies in arguing on this basis for a six-year rather than a three-year limitations period are, however, inapposite. Neither dealt with a fiduciary relationship regulated by ordinary fiduciary standards. (Sears dealt with claims for professional malpractice; in Cooper, the relevant contract substituted a gross negligence standard for a fiduciary conduct standard.) Moreover, Plaintiff alleges here that Defendants' fiduciary obligations arose from their proffer of investment advice rather than from any contractual arrangement.

*Defendants' Motion to Dismiss the Fraud and Conspiracy Claims Pursuant to Rules 9(b) and 12(b)(6).*

Defendants argue that Forrest has failed to plead her cause of action for fraud with particularity as is required by Federal Rule of Civil Procedure 9(b). In order to comply with the heightened pleading requirements, the complaint "must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Novak v. Kasaks, 216 F.3d 300, 306 (2d Cir. 2000) (internal citations omitted). Here, the complaint specifies four allegedly fraudulent statements or representations. However, with respect to each of the allegedly fraudulent statements or representations, the pleadings fail to identify the speaker, when, where, or even by what means each was made. For the foregoing reasons, the Court finds that the cause of action for fraud is inadequately pleaded, and, therefore, the Court grants Defendants' motion to dismiss the cause of action for fraud pursuant to Federal Rule of Civil Procedure 9(b) with leave to replead.

On a related point, Defendants moved to dismiss Forrest's cause of action for conspiracy to commit fraud. A cause of action for conspiracy cannot stand independently of its underlying tort. See Sokol v. Addison, 293 A.D.2d 600, 742 N.Y.S.2d 311 (2d Dept. 2002). Here, the tort underlying the claim for conspiracy is fraud. The Court has dismissed the cause of action for fraud with leave to replead. Accordingly, the Court also grants the motion to dismiss the cause of action for conspiracy to commit fraud with leave to replead.

*Defendants' Motion to Dismiss the Breach of Contract Cause of Action Pursuant to Rule 12(b)(6).*

Defendants also move to dismiss Forrest's cause of action for breach of contract.

"To state a claim in federal court for breach of contract under New York law, a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir. 1996) (internal citations omitted). "[U]nder the relaxed pleading requirements . . . [of the Federal Rules of Civil Procedure] it is enough that the complaint contains a short and plain statement of the claim sufficient to put the defendant on notice of the grounds for which plaintiff seeks relief." Reuben H. Donnelley Corp. v. Mark I Mktg. Corp. 893 F. Supp 285, 290-291 (S.D.N.Y. 1995) (internal citations omitted).

      The complaint asserts a breach of contract claim against the defendants generally. However, Forrest does not allege that all Defendants are parties to the contract. Therefore, the motion to dismiss must be considered with respect to each Defendant individually. The parties concur, in their memoranda supporting and opposing this motion, that neither Ralph Scott Barter nor Muriel Barter is alleged to have been a party to any contract being sued upon. Therefore, the motion to dismiss the breach of contract claim is granted as to those defendants.

      With respect to the four Unifund Partners defendants and Unifund Financial, as general partner of the limited partnerships, the Court finds that the breach of contract claim has been plead sufficiently. Therefore, Plaintiff will be permitted to replead her contract cause of action as against Unifund Financial.

      Finally, the pleadings do not specify whether Defendant Unifund America is a party to any of the contracts. With respect to Unifund America, the motion to dismiss the cause of action for breach of contract is granted with leave to replead.

*Defendants' Motion to Dismiss the Claims for Punitive Damages, Special Damages and Attorney's Fees.*

<u>Punitive Damages</u>

Although Forrest demands punitive damages in her complaint, she does not specify which causes of action serve as the basis for her demand. The Court will thus evaluate Forrest's demand for punitive damages with respect to Forrest's breach of contract claim, the only cause of action that she will be permitted to replead.

Punitive damages are not ordinarily available as a remedy for breach of contract. <u>New York Univ. v. Cont'l Ins. Co.</u>, 87 N.Y.2d 308, 315, 662 N.E.2d 763, 639 N.Y.S. 2d 283 (1995). Punitive damages claims are permissible in connection with breaches of contract under the following circumstances: "(1) defendant's conduct must be actionable as an independent tort, (2) the tortious conduct must be . . . [egregious], (3) the egregious conduct must be directed to plaintiff, and (4) it must be part of a pattern directed at the public generally." <u>Id.</u> at 316.

Although Forrest failed to plead that Defendants' conduct was directed at the public generally, she argues that she has alleged facts which suggest that the conduct might have been directed at the public. Citing <u>Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.</u>, No. 02 Civ. 7689(HB), 2003 WL 22795650, at *9 (S.D.N.Y. Nov. 25, 2003), Forrest argues that she should be permitted to advance to discovery so that she can try to establish whether Defendants' conduct was directed at the public. However, <u>Merrill Lynch</u> is distinguishable from the instant case. As Forrest notes, the <u>Merrill Lynch</u> court relied on "the wrongful conduct of Merrill Lynch, coupled with its alleged breach of fiduciary duty and its public persona" in denying the motion to dismiss the claim for punitive damages. <u>Id.</u> at *9. Here, the claim for breach of fiduciary duty has been dismissed as time-barred. Moreover, Forrest does not allege that any of the defendants

has a public persona of the same, or similar, magnitude as Merrill Lynch. Without the breach of fiduciary duty claim or the public persona element, only the allegedly wrongful conduct remains. The Court finds that in the case at bar, the alleged breach of contract is insufficient to support a claim for punitive damages. Accordingly, Plaintiff will not be permitted to replead her claim for punitive damages.

### Special Damages

Federal Rule of Civil Procedure 9(g) requires that "[w]hen items of special damages are claimed they must be specifically stated." Fed. R. Civ. P. 9(g). "Special damages are those that are not the necessary result of the complained of act and the plaintiff should allege facts upon which to predicate recovery of such damages." PdP Parfums De Paris, S.A. v. Int'l Designer Fragrances, Inc., 901 F.Supp. 581, 585 (E.D.N.Y. 1995). Here, Forrest, who has not opposed Defendants' motion to dismiss the special damages claim, alleged no such facts on which to predicate recovery of special damages. Accordingly, Plaintiff will not be permitted to replead her claim for special damages.

### Attorney's Fees

It is well settled that attorney's fee awards are not generally available in absence of a contractual or statutory basis. Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 718, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967). Forrest pleaded neither a contractual nor a statutory basis for her demand, and has failed to oppose Defendants' motion to dismiss this claim. Accordingly, as the Court finds that the claim for attorney's fees lacks legal foundation, Plaintiff will not be granted leave to replead it.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Plaintiff is hereby granted leave to serve and file, within fourteen (14) days of the date of this Memorandum Opinion and Order, an amended complaint reasserting her breach of contract claims against Defendants Unifund Financial Group, Inc. and Unifund America, Inc. If no such timely amended complaint is served and filed, this case shall be closed without further advance notice to the parties.

SO ORDERED

Dated: New York, New York
May 5, 2005

LAURA TAYLOR SWAIN
United States District Judge