UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLYN FORREST,

                          Plaintiff,

      -against-                        Case No. 04 CV 5151 (LTS)

UNIFUND FINANCIAL GROUP, INC., UNIFUND AMERICA, INC., RALPH SCOTT BARTER and MURIEL BARTER,

                          Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION AND RE-ARGUMENT

Defendants respectfully submit this memorandum of law in support of their motion, pursuant to Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3, for: (i) reconsideration and re-argument of that portion of the Amended Memorandum Opinion and Order, dated May 12, 2005, and entered May 13, 2005, of the Honorable Laura Taylor Swain, which determined that plaintiff had pled [in her original complaint] sufficient facts on which to predicate a demand for punitive damages in connection with her tort claims and that plaintiff would be permitted to replead her claim for punitive damages with respect to her tort claims (at page 10 of the Opinion and Order); and (ii) such other and further relief in favor of defendants which the Court determines to be just and proper.

### BACKGROUND AND ARGUMENT

Following this Court's issuance of the Memorandum Opinion and Order, dated May 5, 2005, and entered May 9, 2005, which, *inter alia*, determined that "[p]laintiff will not be permitted to replead her claim for punitive damages" (at pages 10-11), we received by fax on

May 12, 2005, a copy of the Court's Amended Memorandum Opinion and Order, dated May 12, 2005, and entered May 13, 2005 (the "Amended Decision"). While we originally believed the Amended Decision to have been initiated by the Court, we on May 16--four days after the Amended Decision was rendered–first received in the mail a copy of a May 11, 2005, letter to the Court from plaintiff's counsel requesting the "clarification" of the decision which resulted in the Amended Decision.

In light of the ease with which correspondence can be faxed or e-mailed so that defendants' right to receive correspondence to the Court timely, there is no justification for such calculated delay, which wrongly precluded defendants' ability to heard with respect to plaintiff's "clarification" request before the Amended Decision was in fact issued.

With regard to the Amended Decision, we respectfully submit that even according to the standards set by the authority cited by the Court in that decision, the Court should not have granted plaintiff leave to replead a claim for punitive damages. As the Court recognized in the Amended Decision, the standard governing the availability of punitive damages in tort claims requires that there exist circumstances of aggravation or outrage, such as (i) spite or malice, (ii) a fraudulent or evil motive on the part of the defendant, or (iii) a conscious and deliberate disregard of the interests of others that may be called willful or wanton. *See e.g.,* Prozeralik v. Capital Cities Communications, Inc., 82 N.Y.2d 466, 626 N.E.2d 34 (1993), and Carvel Corp. v. Noonan et al., 350 F.3d 6, 25 (2d Cir. 2003), in addition to Miteva v. Third Point Management Co., L.L.C., 323 F. Supp. 2d 573 (S.D.N.Y.), cited at page 10 of the Amended Decision.

The Court's own recitation of the salient allegations of the original complaint underscores that punitive damages are unwarranted and inappropriate. *See*, the Amended Decision, pp. 3-4.

Nowhere in the original complaint are sufficient facts pleaded which could support a conclusion that any defendant acted with spite, malice or evil intent. There are simply no allegations, taken together, which demonstrate outrageous circumstances supporting a punitive damages claim.

As the Court is aware, subsequent to the Amended Decision plaintiff submitted an Amended Complaint, dated and filed May 25, 2005. In light of the paucity of sufficient allegations in that amended pleading, defendants intend to move to dismiss that pleading as a matter of law and to request any further appropriate relief at that time. While defendants will file such motion timely, Local Civil Rule 6.3 required any motion for reconsideration of re-argument with regard to the Amended Decision to be filed earlier. While defendants intend to address at that time the insufficiency of the allegations in the Amended Complaint to support any claim for punitive damages, as well as any of the other remaining claims asserted by plaintiff, defendants, in the exercise of extreme prudence, did not want to permit any argument that, by not filing this motion with respect to the amended punitive damages ruling in the Amended Decision, defendants had waived the right to move to dismiss such punitive damages request with respect to the Amended Complaint.

Defendants expect, indeed urge in the interest of judicial and party economy, that the Court defer any decision on this motion until defendants can address fully all remaining claims, including the request for punitive damages, in the context of any new allegations in the Amended Complaint.

## CONCLUSION

For the above reasons, defendants respectfully request this Court to grant their request, pursuant to Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3, for:

3

(i) reconsideration and re-argument of that portion of the Amended Memorandum Opinion and Order, dated May 12, 2005, and entered May 13, 2005, of the Honorable Laura Taylor Swain, which determined that plaintiff had pled [in her original complaint] sufficient facts on which to predicate a demand for punitive damages in connection with her tort claims and that plaintiff would be permitted to replead her claim for punitive damages with respect to her tort claims (at page 10 of the Opinion and Order); (ii) to deny plaintiff's claim for punitive damages as a matter of law, and (iii) for such other and further relief in favor of defendants which the Court determines to be just and proper, including deferral of decision of this motion until the Court determines defendants' further motion to dismiss the Amended Complaint, dated May 25, 2005.

Dated: New York, New York
      May 27, 2005

EATON & VAN WINKLE LLP

By:_____
   Alfred Ferrer III, Esq. (AF 3661)
   3 Park Avenue, 16th Floor
   York, New York 10016
   (212) 779-9910;  Fax: (212) 779-9928
   aferrer@evw.com
   Attorneys for Defendants