UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLYN FORREST,

                Plaintiff,

    -against-                  Case No. 04 CV 5151 (LTS)

UNIFUND FINANCIAL GROUP, INC., UNIFUND
AMERICA, INC., RALPH SCOTT BARTER and
MURIEL BARTER,

                Defendants.

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR RECONSIDERATION AND RE-ARGUMENT

Defendants respectfully submit this reply memorandum of law in support of their motion, pursuant to Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3, for: (i) reconsideration and re-argument of that portion of the Amended Memorandum Opinion and Order, dated May 12, 2005, and entered May 13, 2005, of the Honorable Laura Taylor Swain, which determined that plaintiff had pled [in her original complaint] sufficient facts on which to predicate a demand for punitive damages in connection with her tort claims and that plaintiff would be permitted to replead her claim for punitive damages with respect to her tort claims (at page 10 of the Opinion and Order); and (ii) such other and further relief in favor of defendants which the Court determines to be just and proper ("Reconsideration Motion").

In light of the Affirmation of Plaintiff's Attorney [Eric N. Aglow] in Opposition to Defendant's [sic] Motion for Leave to Reargue, dated May 31, 2005, at paragraphs 5, 8 and 9, it is clear that all parties agree that is best for the Court and parties alike for deferral of decision on

the Reconsideration Motion until the Court determines defendants' motion directed to the Amended Complaint, which motion will be timely filed on or before June 9, 2005.

Defendants respectfully disagree that the Court should deny the Reconsideration Motion (*see* opposing affirmation, ¶¶ 5 and 9) prior to the further motion directed at the Amended Complaint. As explained in their moving memorandum, defendants made the Reconsideration Motion as a matter of prudence to obviate any argument that their failure to do so prior the time required by Local Civil Rule 6.3 waived their ability to argue that the allegations of the Amended Complaint are legally insufficient to state a claim for punitive damages, as well as for other relief. For instance, defendants disagree with plaintiff's argument that "a fraud claim, by its nature, allows one to plead punitive damages" (opposing affirmation, ¶ 9).

No determination of the legal standard for punitive damages, which might become law of the case, should be made on the basis of the dismissed allegations of the original complaint rather than those of the Amended Complaint. Thus, there is no prejudice to anyone from the Court's deferral of any decision until the Amended Complaint can be addressed. Rather, that deferral promotes judicial and party efficiency, as well as the Court's determination of important legal standards only in the context of those allegations which are actually before the Court.

## CONCLUSION

For the above reasons and those in defendants' moving memorandum, defendants respectfully request this Court to grant the relief discussed in the first paragraph above.

Dated: New York, New York
June 1, 2005

EATON & VAN WINKLE LLP

By:_____
Alfred Ferrer III, Esq. (AF 3661)
3 Park Avenue, 16th Floor
York, New York 10016
(212) 779-9910;  Fax: (212) 779-9928
aferrer@evw.com
Attorneys for Defendants