UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLYN FORREST,

Plaintiff,

-against-

UNIFUND FINANCIAL GROUP, INC., UNIFUND
AMERICA, INC., RALPH SCOTT BARTER and
MURIEL BARTER,

Defendants.

Case No. 04 CV 5151 (LTS)
ECF Case

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS THE
## AMENDED COMPLAINT AND FOR OTHER RELIEF

Defendants respectfully submit this memorandum of law in support of their motion for

(i) an order dismissing the Amended Complaint, dated May 25, 2005, pursuant to Fed. R. Civ. P.

9(b) and 12(b)6; (ii) alternatively, to the extent the Court does not dismiss all claims in the

Amended Complaint, an order pursuant to 9 U.S.C.A. §§ 3 and 4 staying this action and

compelling arbitration of any remaining claims pursuant to the arbitration agreement entered into

by plaintiff; and (iii) sanctions and attorneys fees and costs pursuant to Fed. R. Civ. P. 11, for

both the improper assertion of the dismissed claims in the original Complaint, as well as the

continued assertion of improper claims in the Amended Complaint.

## PROCEDURAL BACKGROUND

Plaintiff's original Complaint, dated June 28, 2004 (Exhibit 1 to the accompanying

Declaration of Alfred Ferrer III, dated August 12, 2005 ("Ferrer Decl.")), was dismissed by

Memorandum Opinion and Order of the Honorable Laura Taylor Swain, dated May 5, 2005 (the

"Original Dismissal Order")(Ferrer Decl., Ex. 2), which was followed by the Amended

Memorandum Opinion and Order, dated May 12, 2005 (the "Amended Dismissal Order")(Ferrer

Decl., Ex. 3). Reference will be to the Amended Dismissal Order, unless necessary with respect

to the continued punitive damages claim.

The Amended Dismissal Order dismissed the entire original complaint for lack of subject

matter jurisdiction due to plaintiff's joinder of four limited partnerships, in which she alleged

herself to be a limited partner, thereby destroying complete diversity. The Amended Dismissal

Order determined that due to their invalidity as a matter of law, any amended complaint by

plaintiff would not be permitted to plead a breach of fiduciary duty claim (which is time-barred),

a claim for special damages, a claim punitive damages with respect to her contract claim, and a

claim for attorneys fees.

The Amended Complaint, dated May 25, 2005 (the "Amended Complaint"), the subject

of this motion, is at Exhibit 4 of the Ferrer Declaration.

## SUMMARY OF ARGUMENT

The still-vague and legally insufficient Amended Complaint asserts a breach of contract

and a purported fraud claim by an investor in certain limited partnerships rather than publicly-

traded securities the boilerplate allegations of the Amended Complaint wrongly assume. The

investments alleged that are not on their face time barred are alleged to have been made in 1998

and 1999, right before the overall capital markets, which had been fueled by tech and dot.com

stocks, sharply began to decline in 2000. Moreover, with a single exception, every one of the

promissory notes alleged in the Amended Complaint is alleged to have become due in the

immediate aftermath of the events September 11, 2001.

2

Brought after even the longest statute of limitations period allowed by the Private Securities Litigation Reform Act of 1995, five years, and after the limitations period for one-third of the claims (the breach of fiduciary duty claim, governed by a three-year limitations period), as recognized by the Amended Dismissal Order, the contract and fraud claims were first brought within a month of the expiration of even the longest limitations period, six-years, permitted for those claims.

Despite the clear directives of the Amended Dismissal Order, the Amended Complaint continues to be impermissibly vague. What attempt has been made at particularity in the Amended Complaint demonstrates that both remaining claims, contract and fraud, are not just insufficient as a matter of law but are contradicted by the very documents upon which those claims are based. Moreover, plaintiff's claims have been asserted for an improper purpose, as well as lacking evidentiary and support, and therefore sanctions and attorney's fees, as well as dismissal, are fully warranted.

In addition to such sanctions and attorney's fees, to the extent the Court determines that any part of the Amended Complaint is viable as a matter of law, any remaining claims must be referred to arbitration pursuant to the arbitration clause to which plaintiff agreed in the documents upon which her claims are alleged to depend.

<u>**ARGUMENT**</u>

**I.    THE AMENDED BREACH OF CONTRACT CLAIM MUST BE DISMISSED AS A MATTER OF LAW; ALTERNATIVELY, AND TO THE EXTENT THE COURT DETERMINES ANY PORTION OF IT STATES A CLAIM, IT MUST BE REFERRED TO ARBITRATION AND THIS ACTION STAYED.**

The original Complaint asserted a common-law contract claim against all defendants with respect to alleged promissory notes.  The original defendants included four limited partnerships, their general partner, Unifund Financial Group, Inc. ("Financial Inc."), a second corporation, Unifund America, Inc. ("America Inc."), and the two individual defendants, Ralph Scott Barter and Muriel Barter.  Original Complaint, ¶¶5-6, 17-18, 26-27, at Ferrer Decl., Ex. 1. .

Upon its recognition that the limited partnerships share the citizenship of plaintiff--alleged to be a limited partner of each--the Court dismissed the original Complaint for lack of subject matter jurisdiction due to the absence of complete diversity.  Amended Dismissal Order, pp. 2, 4-5, at Ferrer Decl., Ex. 3.  While affording plaintiff an opportunity to replead, the Court denied such leave with respect to claims not viable as a matter of law.

**A.    The Repleaded, Expanded Contract Claim Is Solely Against a Single Defendant, Unifund Financial Group, Inc.**

In addition to dismissing any claim against the limited partnerships as destroying subject matter jurisdiction, the Court also dismissed, without leave to replead, plaintiff's contract claim against the individual defendants, Mr. Barter and Ms. Barter, as they were not alleged to have been party to any contract being sued upon, as conceded by plaintiff's counsel.  Amended Dismissal Order, p. 9, at Ferrer Decl., Ex. 3.

The Amended Dismissal Order further noted that the original Complaint failed to specify whether any contract claim was asserted against defendant America Inc.  *Id.*, p. 9.

4

Although leave to replead was granted with respect to that defendant, the Amended Complaint nowhere alleges any contract claim against America Inc. Thus, the repleaded contract claim is solely against a single defendant, the corporation Financial Inc., alleged to be the general partner of the limited partnerships.

In addition to dropping all defendants except Financial Inc., the amended contract claim asserts entirely new claims purportedly based on the terms of the limited partnership agreements in addition to the promissory notes the sole subject of the original contract claim. However, these new allegations confirm the invalidity, as a matter of law, of any contract claim by plaintiff.

> **B.    Each of the Partnership Agreements the Basis of Plaintiff's New Contract Claim Has a Broad Arbitration Clause Which Must Be Enforced.**

First, each of the four limited partnership agreements has a clear, unequivocal and broad arbitration clause:

> 17. *Arbitration:* Any dispute arising under, in connection with, or in relation to this agreement, or any breach thereof, shall be determined and settled by arbitration in the City, County and State of New York pursuant to the rules then obtaining of the American Arbitration Association. Any award rendered shall be final and conclusive upon the parties, and a judgment thereon may be entered in the highest court of the forum, state or federal, having jurisdiction.

Ferrer Decl, Exs. 5, 6, 7 and 8, at p 13

In light of that arbitration clause in each of the four limited partnership agreements upon which plaintiff's claims are based, the Federal Arbitration Act requires enforcement of the arbitration clause and stay of this action. 9 U.S.C.A. §§2, 3; Genesco, Inc.  v. T. Kakiuchi & Co., Ltd., 815 F.2d 840 (2d Cir. 1987); *similarly*, N.Y.C.P.L.R. §§7501, 7503(a)(McKinney's 1998).

Further, since the arbitration clause is a broad one ("[a]ny dispute arising under, in connection with, or in relation to this agreement, or any breach thereof, ..."), arbitration and a stay are required not only of the new partnership agreement claims, but also all other claims, including the promissory note claims ("[t]he promissory notes that were a part of each partnership agreement ...", Amended Complaint, ¶37) and even the fraud and conspiracy to commit fraud claim. *See e.g.,* Genesco, *supra.*

### C.    While Dismissal of the Limited Partnerships May Have Saved Diversity Jurisdiction, the Replead Promissory Note Claims Are Not Viable as a Matter of Substantive New York Law.

The express obligor on each of the alleged promissory notes is only the limited partnership:

> ... the undersigned, UNIFUND PARTNERS FUND, L.P., series [X, XI, XII, XIV], (Borrower"), a limited partnership ... , hereby promises to pay ....

Ferrer Decl., Exs 5, 6, 7, 8, Non-Negotiable Promissory Note, at first paragraph.

Paragraph 18 of each of the limited partnership agreements confirms that "the laws of the State of New York" govern. *Id.* Under New York substantive law, general partners are liable for limited partnership debts only after the partnership is adjudicated bankrupt, insolvent or otherwise insufficient to satisfy the liability. Absent an allegation that the partnership is insolvent or otherwise unable to pay its obligations, no action lies against an individual partner, including a general partner. Helmsley v. Cohen, 56 A.D.2d 519, 391 N.Y.S.2d 522 (1st Dep't 1977); Seligman v. Friedlander, 199 N.Y. 373, 1910 N.Y. LEXIS 1248; Baker v. Latham Sparrowbush Associates, 808 F.Supp. 992 (S.D.N.Y. 1992).

Further, the limited partnership is an indispensable party, under substantive New York law, to hold a general partner liable for a partnership obligation. Absent its joinder and the essential allegations discussed above, dismissal is required for failure to state a claim under New York law. *Id.;* Eastern Metals v. Martin, 191 F.Supp. 245 (S.D.N.Y. 1960); Bell Sound Studios v. Enneagram Productions Co., 36 Misc.2d 879, 234 N.Y.S.2d 12 (N.Y.C. Civ. Ct., N.Y. Co., 1962)

Since the Amended Complaint fails to include the essential allegations necessary to assert liability against the general partner under the notes, or to join the limited partnerships as indispensable parties under substantive New York law, the plaintiff's note claims must be dismissed as a matter of law.

**D.    The New Contract Claims Against the General Partner Under the Partnership Agreements Are Either Precluded by the Express Terms of Those Agreements or Are Time-Barred.**

In addition to the promissory note claims, the Amended Complaint asserts new contract claims against the general partner on the basis of alleged obligations under the partnership agreements. Amended Complaint, ¶¶33, 34, 38, 39.

However, paragraph 14(f) of each of the limited partnership agreements provides:

> f) The General Partner shall not be liable, responsible, or accountable in damages or otherwise to the Partnership or any Limited Partner for any action taken or failure to act on behalf of the Partnership within the scope of the authority conferred on the General Partner by this Agreement or by law unless such action or omission was performed or omitted fraudulently or in bad faith or constituted wanton and willful misconduct or gross negligence.

Ferrer Decl., Exs. 5, 6, 7, and 8, at p. 11.

Paragraph 22 of each limited partnership agreement provides that "[t]his agreement constitutes the entire agreement of the parties."  Ferrer Decl., Exs. 5, 6, 7, and 8, at p. 14. Paragraph 19 similarly provides, in pertinent part, that "[n]o waiver or modification of any of the provisions hereof shall be binding unless in writing and signed by all Partners." *Id.,* at p. 13.

Thus, the limited partnership agreements preclude any claims against the general partner other than fraud–as plaintiff has in fact asserted in Court II of the Amended Complaint, which is discussed below--or willful misconduct and gross negligence.  Willful misconduct and gross negligence are both governed by the three-year statute of limitations provided by N.Y.C.P.L.R. § 214.  Columbe v. New York Telephone Co., 102 A.D.2d 909, 477 N.Y.S.2d 490 (3d Dep't 1984); Zuckerbrod v. New York Telephone Co., 87 A.D.2d 374, 447 N.Y.S.2d 747 (2d Dep't 1982); Robinson v. Franklin General Hospital, 160 Misc. 2d 803, 611 N.Y.S.2d 778 (Sup. Ct., Nassau Co. 1994).  That limitations statute is the same one upon which the Amended Dismissal Order dismissed plaintiff's breach of fiduciary duty claim in the original Complaint.

Accordingly, these new contract claims fail to state a claim for relief under New York law and must be dismissed.  Indeed, plaintiff's assertion in the Amended Complaint of claims directly contradicted by the documents upon which those claims rely demonstrates the importance of the authority defendants cited to the Court in their motion to dismiss the original Complaint which stressed that the essential terms of any contract being sued upon must be stated with sufficient specificity to determine whether the claim is in fact viable.  *See e.g,* Kosson v. Algaze, 84 N.Y.2d 1019, 1021, 622 N.Y.S.2d 674, 675 (1995); Sud v. Sud, 211 A.D.2d 423, 621 N.Y.S.2d 37, 38 (1st Dep't 1995).

We thus respectfully disagree with that portion of the Amended Dismissal Order (at p. 9) that determined that the contract claim in that original Complaint was sufficiently pleaded. However, now that further allegations have been included in the Amended Complaint, it is clear that plaintiff's contract claim contradicts the very agreements upon which she bases them and that the vagueness with which plaintiff attempted to plead her contract claim was an attempt to assert claims which have no good faith evidentiary or legal support..

The entirety of the contract claim in the Amended Complaint must be dismissed as a matter of law.  To the extent the Court determines any part of that claim remains legally viable, this action must by stayed and arbitration compelled in accordance with the arbitration agreement plaintiff agreed to and has improperly tried to evade by the continued vagueness of her pleading.

## II.   THE AMENDED COMPLAINT'S RESTATED FRAUD CLAIM IS INSUFFICIENT AS A MATTER OF LAW; ALTERNATIVELY, IT MUST BE REFERRED TO ARBITRATION.

The supplemental allegations of the Amended Complaint not only fail to provide the particularization required to state a claim for fraud, but they demonstrate that the allegations of the original Complaint were intentionally pled vaguely to misrepresent the true facts of this matter.

The Amended Dismissal Order dismissed the fraud and conspiracy to commit fraud claims in the original Complaint for plaintiff's failure to plead such fraud with the particularity

required by Fed. R. Civ. P. 9(b)("In all averments of fraud ..., the circumstances constituting

fraud ... shall be stated with particularity").[1]  As that Order recognized:

> In order to comply with the heightened pleading requirements, the
> complaint "must (1) specify the statements that the plaintiff
> contends were fraudulent, (2) identify the speaker, (3) state where
> and when the statements were made, and (4) explain why the
> statements were fraudulent." Novak v. Kasaks, 216 F.3d 300, 306
> (2d Cir. 2000)(internal citations omitted).  Here, the complaint
> specifies four allegedly fraudulent statements or representations.
> However, with respect to each of the allegedly fraudulent
> statements or representations, the pleadings fail to identify the
> speaker, when, where or even by what means each was made.  For
> the foregoing reasons, the Court finds that the cause of action for
> fraud is inadequately pleaded, and, therefore the Court grants
> Defendants' motion to dismiss the cause of action for fraud
> pursuant to Federal Rule of Civil Procedure 9(b) with leave to
> replead.

(Ferrer Decl., Ex. 3, p. 8)  *See also,* American Tissue, Inc., v. Donaldson, Lufkin & Jenrette

Securities Corporation, et al., 2004 WL 1794495 (S.D.N.Y., Lynch, J., August 10, 2004); Stern

v. General Electric Company, et al., 924 F.2d 472 (2nd Cir. 1991).

   With respect to particularity, the Amended Complaint intentionally seeks to confuse.

Rather that just provide, in an organized fashion, the particularized circumstances required with

respect to each of the four allegedly fraudulent statements or misrepresentations the Court

addressed in the Amended Dismissal Order, the Amended Complaint continues the

unparticularized references to just "defendants" in each of the allegations which attempt to state

the element of fraud in Count II.  *See,* Amended Complaint, ¶42 ("Defendants"), ¶28 [sic, the

paragraph following ¶42]("Defendants"), ¶29 [sic, this paragraph preceding ¶43]("Defendants"

---

[1]New York's CPLR 3016(b) imposes a similar requirement for allegations of fraud:
"[w]here a cause of action or defense is based upon misrepresentation, fraud, ... the
circumstances constituting the wrong shall be stated in detail."

twice), ¶43 ("Defendants"), ¶44 ("Defendants"). Even the relief "wherefore" clause alleging punitive damages for fraud fails to particularize which "Defendants."

The supplemental paragraphs at the beginning of the Amended Complaint (¶¶8-17, 23-27) skip around, trying to obfuscate for the obvious reason that plaintiff simply cannot sufficiently particularize her allegations to salvage this frivolous claim. Thus, while perhaps a lengthier response is required, the result is the same--this purported fraud claim, which would be barred under the applicable limitations period in the Private Securities Litigation Reform Act, and which was filed barely a month before the longest, six-year state limitations period ran, fails to state a claim as a matter of law.

A.    **The Supplemental Fraud Allegations Admit that Plaintiff Was Never Solicited by Any Defendant and Never Had Any Communications with Defendant Scott Barter.**

In stark contrast to paragraph 9 of the original Complaint, which alleged that "Plaintiff was solicited by Muriel Barter to purchase investments ...", new paragraphs 8 and 9 of the Amended Complaint admit that "Plaintiff's son, Lewis Forrest, was put into contact with Muriel Barter ... by an acquaintance." and then "Lewis Forrest put his mother, Plaintiff Carolyn Forrest, in touch with Muriel Barter."

Thus, the central allegation of the original Complaint attempting to portray, falsely, Ms. Barter as predatory, has now been confirmed by the Amended Complaint to have been a lie. There was no solicitation here by any defendant. It was plaintiff's son who sought out Ms. Barter and who then put his mother "in touch" with her.

The second central allegation of original paragraph 9, that such "solicitation" occurred in "July 1998" has been similarly demonstrated to be a lie by new paragraph 8, which now admits

11

such communications occurred in "June, 1998" rather than July. The significance, of course, of

that one-month fudge is that June communications are time-barred even under New York's

longest six-year limitations period for fraud. N.Y.C.P.L.R. §213(8). Plaintiff's further pleading

improprieties with respect to when any alleged misrepresentations were made are discussed in

the next section.

The Amended Complaint further admits that plaintiff never, ever talked with defendant

Scott Barter at any time. *See*, Amended Complaint, ¶¶8-14. Indeed the only direct

communication of any kind alleged to have taken place between plaintiff and defendant Scott

Barter is an alleged "form he provided to Plaintiff ... on June 24, 1998," which is clearly time-

barred.

The new allegations referring to a proposed initial public offering by defendant Unifund

America, Inc., which was not alleged to have ever taken place or an investment ever made in it,

by plaintiff or anyone else, is attributed to a Registration Statement and Prospectus alleged to

have been submitted to the SEC but never alleged to have been disseminated to plaintiff. In fact,

new paragraph 25, which refers to that wholly irrelevant proposed transaction, expressly

complains that "[t]his document and the information in it <u>were never made available to Plaintiff</u>."

(emphasis added)

Thus, the Amended Complaint alleges no particularized communication between plaintiff

and defendant Scott Barter upon which a fraud claim can be stated. Nor does it allege any

particularized misrepresentation on behalf of defendants Financial, Inc. or America, Inc. The

only defendant sufficiently identified as the source of any alleged misrepresentation is Ms.

Barter. However, any alleged fraud claim against her fails for the further reasons discussed below.

**B.    The Replead Fraud Claims Fail to Sufficiently Particularize When the Alleged Misrepresentations Were Made.**

The Amended Complaint makes three insufficient attempts to particularize when any alleged misrepresentations were made: (i) time-barred communications and a time-barred investment prior to June 30, 1998; (ii) alleged representations in 1999 and 2000, all of which post-date plaintiff's limited partnership investments the subject of this action and which relate to an irrelevant possible public offering which was never made and in which plaintiff never invested; and (iii) legally insufficient references to an undivided two-month period half of which is time-barred.

**1.    The Time-barred Communications and Investments Cannot Rescue the Amended Complaint.**

A June 18, 1998, letter from Muriel Barter, a June 25, 1998, "form," and a June 25, 1998, joint investment with her son are alleged in new paragraphs 14 and 24, respectively, of the Amended Complaint. Any such representations or investments are time-barred, as anything prior to June 30, 1998, more than six-years prior to the June 30, 2004, filing of the original Complaint, is beyond the longest New York fraud limitations period, six-years from the date the cause of action accrued. N.Y.C.P.L.R §213(8).

**2.    The 1999 and 2000 Allegations Regarding a Proposed Different Transaction In Which Plaintiff Never Invested Are Wholly Irrelevant to Plaintiff's Claims.**

New paragraphs 24 through 27 of the Amended Complaint allege that a Registration Statement and Prospectus were submitted to the SEC on behalf of defendant America Inc. There

13

are no allegations anywhere in the Amended Complaint that such filings were ever declared effective by the SEC, that such filings were ever disseminated to plaintiff by any defendant or anyone else, that the proposed initial public offering the subject of those filings was ever made, or that plaintiff or anyone else ever invested in that proposed transaction which never occurred. These allegations are wholly irrelevant to any of plaintiff's claims.

Even had such transaction actually proceeded and plaintiff invested in it, plaintiff's allegations of May 1999 filings with the SEC (Amended Complaint at ¶25) and an alleged March 8, 1999, letter and March 14, 1999, "form" (*id.*, at ¶24) would have been time-barred, as the applicable remedy for such an investment in a public offering would have been governed by the Private Securities Litigation Reform Act with its five-year statute of limitations. All those dates are beyond five years from the June 30, 2004, filing of the original Complaint.

In addition to being gratuitous, these allegations are frivolous. At paragraph 25, plaintiff alleges that, with respect to the Registration Statement and Prospectus filed with the SEC regarding a possible IPO for America Inc., "[t]his document and the information in it were never made available to Plaintiff." Of course not. If such filings were never declared effective by the SEC, an allegation the Amended Complaint does not make because it cannot, those filings could not have been disseminated to plaintiff or any other investor. Plaintiff cannot complain about lawful compliance with the Securities Act of 1933.

Finally, the Amended Complaint improperly retains the earlier allegation that plaintiff invested in a Fifthmar Capital Corporation in January 2000 (at ¶17). Despite the admonishment at page 4 of the Amended Dismissal Order that plaintiff had failed to name that entity as a defendant, the Amended Complaint continues that failure.

3.    **The Remaining Allegations, of Communications in "June or July 1998," Half of Which Period Is Time-Barred, Are Insufficiently Particularized As to Time.**

Plaintiff's only other attempt to particularize the time of any alleged misrepresentations is the undivided references to "June and July 1998." Amended Complaint, ¶¶10, 11 and 12. However, half that period is time-barred as any alleged misrepresentations prior to June 30, 1998, are beyond New York's six-year limitations period for fraud. N.Y.C.P.L.R. §213(8). Thus, the "June and July 1998" references do not particularize sufficiently to discern whether the alleged communications are time-barred. Such an intention effort at confusion cannot satisfy the purpose of Rule 9(b). It is plaintiff's burden to demonstrate that she has asserted timely claims.

Moreover, a careful review of the new "June and July 1998" allegations demonstrates that they actually preceded a June 25, 1998, investment by plaintiff and are therefore all time-barred. *See*, new paragraphs 8-13 followed by the following new paragraph 14;

> 14.    On June 25, 1998, relying on statements about the investments made by Muriel Barter and, through Muriel Barter, by Scott Barter, Plaintiff and her son bought a limited partnership investment from Unifund, investing $20,000 jointly, $15,000 of which was money supplied by Plaintiff.

(Ferrer Decl., Ex. 4, p. 40)

However, any investment on June 25, 1998, is beyond six years from the June 30, 2004, filing of the original Complaint in this action and therefore time-barred. Similarly, any statements alleged to have taken place in "June 1998" would be time-barred, even if they led to investments after that time.

The very next new paragraph, paragraph 15, then vaguely alleges: "In the coming months, relying on continuing representations by Muriel and Scott Barter as presented here, Plaintiff

invested further sums in Unifund's limited partnerships and warrants, included [sic]: $100,000 on July 14, 1998; b. $10,000 on July 17, 1998; c. $30,000 on August 18, 1998; d. $100,000 on November 6, 1998."

Nowhere in the Amended Complaint is there any particularization of those "continuing representations" vaguely referred to in paragraph 15 upon which all of Plaintiff's investments in July, August and November 1998 allegedly depend. If that "continuing representations" reference was intended to refer to the "June and July" communications alleged in prior paragraphs 8 through 13, then the "June and July" reference is insufficient to determine whether the communication was in "June" and therefore time-barred or in "July" which may survive. This continued vagueness of the Amended Complaint flouts both Rule 9(b) and the Amended Dismissal Order.

The only other "when" allegations of the fraud claim are similarly disingenuous and do not permit survival of the Amended Complaint. For example, the very next paragraph, new paragraph 16, alleges: "Induced by further representations by the Barters, Plaintiff agreed in November, 1998, and again, in March, 1999, to reinvest interest income promised by Unifund and due to be paid. No allegations of the dates, specific speaker (Mr. Barter or Ms Barter), statements allegedly made, or any other particularity is included anywhere in the Amended Complaint with respect to the "further representations" alleged in paragraph 16.

New paragraph 17 alleges that "Plaintiff was also induced in January, 2000, to reinvest $21,151.92 of the interest from the limited partnerships in a Fifthmar Capital Corporation ...." Together with that entity not even named as a defendant, no particularization is given as to when any communication was made by any defendant or even what means of communication was allegedly used.

16

Thus, the Amended Complaint does not satisfy plaintiff's obligation to particularize her fraud claim.

### C.   The Amended Complaint Insufficiently Particularizes the Statements Alleged to Be Fraudulent and to Explain Why They Are Fraudulent.

In addition to the above deficiencies, paragraphs 42, 28 [sic], 29 [sic], and 43 of the Amended Complaint, which purportedly set out the elements of Count II, the fraud and conspiracy to commit fraud claim, fail to identify which specific statements by whom, when and by what means of communication are the subject of that claim and why such alleged statements are fraudulent.  Count II should be dismissed for that reason alone.

Half of the categories of alleged statements in paragraph 42 and 43, including alleged statements of safety, security and the lack of risk, are not actionable as a matter of law, since they are generalized optimistic statements of hope, opinion, or belief about future performance or general market conditions.  In re Duane Reade Inc. Securities Litigation, 2003 U.S. Dist. LEXIS 21319, 15 (S.D.N.Y. 2003); Burgundy Basin Inn, Ltd. v. Watkins Glen Grand Prix Corp., 51 A.D.2d 140; 379 N.Y.S.2d 873 (4th Dep't 1976).

The Amended Complaint fails to allege facts sufficient to allege scienter, Yermeer Owners, Inc. v. Guterman, 78 N.Y.2d 1117 (1991), and similarly fails to particularize allegations sufficient to demonstrate the falsity of the other conclusory allegations of fraud in Court II.  For example, no basis is adequately alleged to sustain any claim that any defendant provided investment advice, that any defendant had to be qualified and licensed to sell the limited partnership investments in which plaintiff invested, that such investments had to be registered in the manner of widespread securities offerings, and that any required filings with applicable federal

17

or state regulatory bodies was not made.  These unparticularized, conclusory allegations simply do not sufficiently particularize any fraud claim.

## III.    IN LIGHT OF THE DEFICIENCIES OF THE FRAUD CLAIM, NEITHER THE CONSPIRACY CLAIM NOR THE PUNITIVE DAMAGES CLAIM CAN SURVIVE.

In light of the above deficiencies of the fraud claim in the Amended Complaint, the conspiracy claim must be dismissed.  Sokol v. Addison, 293 A.D.2d 600, 742 N.Y.S.2d 311 (2d Dep't 2002); Pappas v. Passias, 271 A.D.2d 420, 707 N.Y.S.2d 178 (2d Dep't 2000); Alexander & Alexander of New York, Inc. v. Fritzen, 68 N.Y.2d 968, 510 N.Y.S.2d 546 (1986).  Similarly, the punitive damages claim has no legal basis in the Amended Complaint and must also be dismissed, Prozeralik v. Capital Cities Communications, Inc., 82 N.Y.2d 466, 626 N.E.2d 34 (1993), and Carvel Corp. v. Noonan et al., 350 F.3d 6, 25 (2d Cir. 2003); Miteva v. Third Point Management Co., L.L.C., 323 F. Supp. 2d 573 (S.D.N.Y.).

## IV.    TO THE EXTENT THE COURT DETERMINES THAT THERE ARE ANY LEGALLY VIABLE CLAIMS IN THE AMENDED COMPLAINT, THIS ACTION MUST BE STAYED AND ARBITRATION COMPELLED WITH RESPECT TO ANY SUCH CLAIMS.

Section 3 of the Federal Arbitration Act, 9 U.S.C.A. §3, provides in pertinent part:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

In light of plaintiff's arbitration agreement in paragraph 17 of each of the limited partnership agreements upon which her claims are based, quoted in Point I above, a stay of this action is appropriate and should be granted pending plaintiff's arbitration of any remaining claims.

## V.    IN LIGHT OF PLAINTIFF'S PRIOR ASSERTION OF THE TIME-BARRED FIDUCIARY DUTY CLAIM, AS WELL AS PLAINTIFF'S CONTINUED ASSERTION IN THE AMENDED COMPLAINT OF CLAIMS LACKING EVIDENTIARY AND LEGAL SUPPORT AND ASSERTED FOR AN IMPROPER PURPOSE, SANCTIONS AND ATTORNEY'S FEES PURSUANT TO FED. R, CIV. P. 11 SHOULD BE GRANTED.

### A.    Sanctions and Attorney's Fees Must Be Granted for Plaintiff's Prior Assertion of the Time-Barred Fiduciary Duty Claim.

"To bring a clearly time-barred complaint is a violation of Rule 11 [of the Federal Rules of Civil Procedure]," Byrne v. Buythisfast Network, Inc., 2005 U.S. Dist. LEXIS 9178 (S.D.N.Y 2005) (Citing Norris v. Grosvenor Marketing, 803 F.2d 1281 (2nd Cir. 1986)). The purpose for such a rule is to prevent harassing litigation and ensure that attorneys will make a reasonable inquiry into the relevant law to determine whether or not a cause of action is warranted. Id.

As recognized in the Amended Dismissal Order, at p. 7: "It is clear on the face of the Plaintiff's complaint that her breach of fiduciary duty claims are time-barred." "Under Rule 11 sanctions *must* be awarded when a competent attorney could not have formed a belief after a reasonable inquiry that the claims were warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Norris v. Grosvenor Marketing, 803 F.2d 1281, 1288 (2nd Cir. 1986). Thus, Defendants are entitled to reasonable reimbursement of the attorney's fees that were required to expend in obtaining the dismissal of that time-barred claim.

**B.    Sanctions and Attorney's Should Be Granted for Plaintiff's Knowing Disregard of Her Arbitration Agreement.**

In addition, plaintiff's knowing disregard of her agreement in each of the limited partnership agreements upon which her claims are based, in commencing this litigation instead of the appropriate forum of arbitration should be required to pay sanctions and Defendants' attorneys fees and expenses. Such has previously been recognized to be appropriate for a plaintiff's knowing disregard of the contractual arbitration forum. *See,* In the Matter of Romplex v. Frota Oceanica, 1990 U.S. Dist LEXIS 7981 (S.D.N.Y 1990).

**C.    Sanctions and Attorney's Fees Should Be Granted for Plaintiff's Continued Assertion of Claims Lacking Evidentiary and Legal Support in the Amended Complaint.**

For the reasons discussed above, plaintiff's continued assertion of claims lacking evidentiary and legal support in the Amended Complaint warrants sanctions and attorney's fees pursuant to Rule 11. Plaintiff continued those claims knowing they contradicted the express terms of the very agreements upon which her claims are based. Further, even after the clear directives of the Amended Dismissal Order, plaintiff attempted to improperly continue meritless claims by an intentionally vague Amended Complaint, disregarding the very notice the Amended Dismissal Order provided.

As recognized by the Private Securities Litigation Reform Act of 1995 and more recently by the Sarbanes-Oxley Act of 2002, investors in general and the overall capital marketplace are not benefitted, and are indeed damaged, by the significant waste of assets required to defend a sad culture of wholly meritless securities claims. That waste is demonstrable here, and sanctions and Defendants' attorneys fees should be granted pursuant to Rule 11.

**D.    Sanctions and Attorney's Fees Should Be Granted for Plaintiff's Continued Assertion of Claims for an Improper Purpose.**

As more fully discussed in the accompanying Ferrer Declaration, including the multiple letters to plaintiff's confederate, plaintiff's suit is part of an overall improper and illegal course of conduct calculated to extort monies from certain defendants for the benefit of certain persons engaged in unlawful conduct. Such improper conduct is expressly sanctionable pursuant to Rule 11(b)(1)("being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation). Sanctions and attorneys fees are therefore appropriate here and should be granted.

## CONCLUSION

For the above reasons, defendants respectfully request: (i) an order dismissing the Amended Complaint, dated May 25, 2005, pursuant to Fed. R. Civ. P. 9(b) and 12(b)6; (ii) alternatively, to the extent the Court does not dismiss all claims in the Amended Complaint, an order pursuant to 9 U.S.C.A. §§ 3 and 4 staying this action and compelling arbitration of any remaining claims pursuant to the arbitration agreement entered into by plaintiff; and (iii) sanctions and attorneys fees and costs pursuant to Fed. R. Civ. P. 11, for both the improper assertion of the

dismissed claims in the original Complaint, as well as the continued assertion of improper claims

in the Amended Complaint.

Dated:  New York, New York
            August 12, 2005

                                                    EATON & VAN WINKLE LLP


                                                    By:_____
                                                         Alfred Ferrer III, Esq. (AF 3661)
                                                    3 Park Avenue, 16th Floor
                                                    York, New York 10016
                                                    (212) 779-9910;  Fax: (212) 779-9928
                                                    aferrer@evw.com
                                                    Attorneys for Defendants