UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLYN FORREST,

                         Plaintiff,

            -against-

UNIFUND FINANCIAL GROUP, INC., UNIFUND
AMERICA, INC., RALPH SCOTT BARTER and
MURIEL BARTER,

                       Defendants.

Case No. 04 CV 5151 (LTS)
ECF Case

**DECLARATION OF
ALFRED FERRER III**

ALFRED FERRER III, pursuant to 28 U.S.C. §1746, declares as follows:

1.      I am an attorney admitted to practice in this court, and I am of counsel to the firm of Eaton & Van Winkle LLP, attorneys for defendants.

2.      I respectfully submit this declaration in support of the motion by all defendants for an order:

      a.      Reinstating defendants' motion to dismiss the amended complaint and for other relief, previously brought by:

      Notice of Motion, dated August 12, 2005 (Docket No. 36);

      Declaration of Alfred Ferrer III, dated August 12, 2005, with
      Exhibits 1 through 11 (Docket No. 38); and

      Memorandum of Law in Support of Defendants' Motion to
      Dismiss the Amended Complaint and for Other Relief, dated
      August 12, 2005 (Docket No. 37);

      b.      Extending the time for defendants to serve any required responsive pleading to the amended complaint until 10 days after notice of the Court's action on this

application for reinstatement of the motion to dismiss, and, if the Court grants such application, until the time provided by Rule 12(a)(4) of the Federal Rules of Civil Procedure for any such responsive pleading after notice of the Court's action on the motion to dismiss; and

   c..  For such other and further relief in defendants' favor as the Court determines to be appropriate.

   3.  Following the prior filing of those motion papers on behalf of the defendants, the Court issued the Order, dated August 23, 2005 (a true copy is annexed as Exhibit 1), terminating the motion due to the failure to include a certification pursuant to Paragraph 2.B of the Individual Practice Rules of the Honorable Laura Taylor Swain.  That Order expressly provided that it was "without prejudice to reinstatement [of the motion] upon application, upon notice to adverse parties and accompanied by the requisite certification."

   4.  Since that order, we have used our best efforts to try to resolve informally the matters in controversy, including the subject addressed by the motion to dismiss, which encompasses all remaining claims in the amended complaint.  Those efforts have included two telephone conference calls between myself and plaintiff's counsel, Eric N. Aglow, Esq., of the UAW Legal Services Plan, one on September 12, 2004, and a subsequent one today, September 29, 2005.  Those efforts have also included an exchange of correspondence, a letter to me from Mr. Aglow dated September 14, 2005, and a letter from me to Mr. Aglow, dated September 27, 2005.

   5.  Based on such communications with opposing counsel, I hereby certify, pursuant to Paragraph 2.B of the Individual Practice Rules of Your Honor, that we have used our best

efforts to resolve informally the matters raised in the motion to dismiss the amended complaint and that consensual resolution of those matters has not been able to be achieved.

6.    Accordingly, we respectfully request on behalf of defendants the reinstatement of that prior motion to dismiss the amended complaint and for the other relief sought in it.

7.    As a related matter, and as set forth in paragraph 2 above, we seek, pursuant to Rule 12 of the Federal Rules of Civil Procedure, appropriate extension of defendants' time to submit any responsive pleading to the amended complaint until this motion and the motion to dismiss, if reinstated, have been determined by the Court.

WHEREFORE, defendants respectfully request the relief set forth in paragraph 2 above.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 29, 2005, in New York, New York.

_____
ALFRED FERRER III

# EXHIBIT 1
# TO FERRER DECLARATION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/24/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Carolyn Forrest,

                Plaintiff,

    -against-

Unifund Financial Group, Inc., et al.,

                Defendants.

No. 04 Civ. 5151 (LTS)(THK)

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

### ORDER

        The Court has received a Motion to Dismiss by Defendants. The papers do not include a certification pursuant to Paragraph 2.B. of the Individual Practices Rules of the undersigned. That Rule provides:

> **B. Informal efforts to resolve issues required.** In civil cases, prior to making a motion of any type, and prior to requesting a conference on any discovery issues, the parties shall use their best efforts to resolve informally the matters in controversy. Such efforts shall include, but need not be limited to, an exchange of letters outlining their respective legal and factual positions on the matters and at least one telephonic or in-person discussion of the matters. If a motion or a discovery conference request remains necessary, the motion papers or written discovery conference request must include a certification that the movant or requesting party has used its best efforts to resolve informally the matters raised in its submission.

The Court finds that such prior communication is often useful in facilitating settlement, consensual resolution of the subject matter of the motion or, at a minimum, narrowing of issues presented for decision by the Court. It is hereby

        ORDERED, that the above-referenced motion is hereby TERMINATED for purposes of the Court's docket, without prejudice to reinstatement upon application, upon notice to adverse parties and accompanied by the requisite certification; it is further

        ORDERED, that no response to the motion is required unless a reinstatement application is granted, in which case the time to respond of any adverse party shall be calculated from

Rule2Bcert.wpd    version    November 3, 2004

Copies mailed *faxed counsel of record*
Chambers of Judge Swain  *8/24/05*  1

the date of service of the order of reinstatement and in accordance with Local Civil Rule 6.1 of the United States District Court for the Southern District of New York.

Dated: New York, New York
       August 23, 2005

_____
LAURA TAYLOR SWAIN
United States District Judge