Eric N. Aglow, Esq.
UAW-GM Legal Services Plan
10 Woodbridge Center Drive
Suite 730
Woodbridge, New Jersey 07095
Voice: 732 602 1166
Fax: 732 602 9730
E-mail: Ericag@uawlsp.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------x
**CAROLYN FORREST**
Plaintiff

-against-

Case No. *04-CV-5151 (LTS)*

**UNIFUND FINANCIAL GROUP, INC., UNIFUND AMERICA, INC., RALPH SCOTT BARTER and MURIEL BARTER**
Defendants.
---------------------------------------------x

**AFFIRMATION OF ATTORNEY IN OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT**

Eric N. Aglow, Esq., an attorney duly admitted to practice law in this State, does affirms follows, subject to the penalties of perjury:

1. I am attorney of record for the above captioned Plaintiff and make this affirmation in opposition to Defendant's Motion to Dismiss the Amended Complaint.

2. Attached hereto and incorporated by reference is a Memorandum of Law in opposition to said Motion to Dismiss.

3. Also attached hereto as Exhibit A is a sworn affidavit of the Plaintiff which refutes the reprehensible, scandalous and wholly unsubstantiated personal allegations against the Plaintiffs which permeate both the sworn affirmation and memorandum of law of Defendants' attorney. Said affidavit is incorporated by reference and made a part of both this affirmation and the accompanying memorandum of law.

**WHEREFORE**, it is respectfully requested that this Motion be denied in its entirety.

Dated: February 1, 2006

____/s/____________________________
Eric N. Aglow, Esq.

# EXHIBIT A

Eric N. Aglow, Esq.
UAW-GM Legal Services Plan
10 Woodbridge Center Drive
Suite 730
Woodbridge, New Jersey 07095
Voice: 732 602 1166
Fax: 732 602 9730
E-mail: Ericag@uawlsp.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------x
CAROLYN FORREST
Plaintiff

-against- Case No. *04-CV-5151 (LTS)*

UNIFUND FINANCIAL GROUP, INC.;
UNIFUND AMERICA, INC.;
RALPH SCOTT BARTER and
MURIEL BARTER
Defendants.
----------------------------------------------x

AFFIDAVIT
OF PLAINTIFF
IN OPPOSITION TO
MOTION TO DISMISS

STATE OF FLORIDA )

COUNTY OF LAKE ) S.ss

The undersigned, having been duly sworn under oath according to law, does hereby state as follows subject to the penalties of perjury:

1. I am the Plaintiff in the above-captioned action.

2. I am a retiree living on a pension and social security and currently reside at 1984 Darby Place, The Villages, Florida.

3. I have filed this action due to the inexplicable loss of investments made with the Defendant companies, which were owned and/or controlled by the named individual Defendants, that totaled more than $200,000, representing most of my retirement savings.

4. All of these investments were made based upon the advice and recommendations of the individually named Defendants who were aware that I was an unsophisticated and inexperienced investor who desired only conservative and safe investments.

5. I have been advised by my attorneys that all of the Defendants have filed a Motion with this Court in which they request that all of my causes of actions be summarily dismissed without any discovery and without any hearing.

6. I have read the Affirmation filed in this Court by the attorney Alfred Ferrer, who represents all of the Defendants.

7. I have read in attorney Ferrer's sworn Affirmation that he alleges that Ms. Elizabeth Acton was a former employee of the Unifund entities named in this action and alleges that she has illegally absconded with and stolen voluminous original financial records of Unifund.

8. I have read in attorney Ferrer's sworn Affirmation that he alleges that Ms. Acton has refused to return said records to him or his

clients and has made unlawful and extortionist type demands for the payment of $200,000.00 in cash in exchange for said records.

9. I have read the accusation contained in Mr. Ferrer's Affirmation that I am currently working in "concert" with Ms. Acton in these illegal and extortionist activities.

10. I have read the further accusation in Mr. Ferrer's sworn Affirmation that I have made demands for certain stocks and that such demands could have only been made by me if I was working in concert with Ms. Acton's alleged illegal activities.

11. I have read the further accusation of attorney Ferrer that "the commencement and continued prosecution of this suit by plaintiff as part of an overall course of improper conduct with others of attempting to obtain large sums of cash and stock from defendants by the unlawful withholding of such defendant original files and by other threats associated with that course of conduct, is illegal..."

12. I have never met nor spoken with any individual named Elizabeth Acton.

13. I do not have possession of any records owned by any of the Defendants nor have I attempted, individually or in concert with any other person, to extort money from Defendants.

14. These extremely serious accusations made by attorney Ferrer are false and not substantiated by any documents or other references to reliable sources for said information.

15. Simply stated, these accusations are false, scandalous, inflammatory and prejudicial to the merits of this action.

16. It is my belief that these accusations were made to simply attempt to distract this Court from the merits of my action and the improper actions of Defendants which have resulted in the loss of most of my lifetime savings for retirement.

17. There may or may not be an individual named Elizabeth Acton who is engages in felonious activities but for attorney Ferrer to recklessly make these grave and false accusations against me, for the sole purpose of maligning my integrity with this Court, is wholly reckless and improper.

18. I have been advised by my attorneys that any papers submitted to this Court can only contain statements that are based upon the attorney's knowledge, information and belief and are formed after a reasonable inquiry.

19. I have been informed by my attorneys that papers can not be submitted to this Court by an attorney, or statements contained within any papers, unless said allegations and factual contentions have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation.

20. If reasonable inquiries were to be made it would be shown that these baseless and unsubstantiated accusations by attorney Ferrer are wholly false.
21. I have been advised by my attorney that attorney Ferrer has made a demand in his motion that sanctions be imposed against me and/or my attorneys due to said accusations, all of which are false.
22. At the same time, I have been advised by my attorneys that they received an unsolicited telephone contact from the office of the District Attorney for the County of New York, which is apparently conducting a formal criminal probe into the activities of the names individual Defendants.
23. It appears, therefore, that I, as a victim of the improper, fraudulent, and perhaps soon to be determined illegal, activities of the named individual Defendants, am again the victim of false and disgusting allegations by their attorney, along with an ironic plea for sanctions, all while it is the named individual Defendants who are under investigation for criminal activity.
24. The loss of most of my retirement savings through the improper actions of the Defendants was not only a great financial loss for me but it also has caused extreme emotional distress for me.
25. Now that I have attempted to achieve redress and justice from this Court, I have now become the victim of false and scandalous

accusations of attorney Ferrer, in papers submitted under oath to this Court, in which I am accused of being a co-conspirator with some person unknown to me in extortionist and illegal activities.

26. These statement by attorney Ferrer have afflicted upon me incalculable emotional and psychological suffering.

Dated: 9/27/05 _/S/___________________________
Carolyn Forrest

Sworn To and Subscribed before me

this 27th day of September 2005

/s/_____________________________________
Mary Noll
Notary Public
State of Florida
County of Lake
Commission #DD333364
Expires June 28, 2008

Eric N. Aglow, Esq.
UAW-GM Legal Services Plan
10 Woodbridge Center Drive
Suite 730
Voice No. 732 602 1166
Fax No. 732 602 9730
E-mail: Ericag@Uawlsp.com
Attorney(s) for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLYN FORREST,
PLAINTIFF(S)

vs.

UNIFUND FINANCIAL GROUP, ET AL
Defendant(s)

CASE No. 04-CV-5151(LTS)

Civil Action
**PROOF OF MAILING**

1. I, the undersigned, am Eric N. Aglow, Esq., UAW-GM Legal Services Plan, attorney(s) for Plaintiff in the above-entitled action.

2. On February 1, 2006, I mailed in the U.S. Post Office in Woodbridge, New Jersey, a sealed envelope with postage prepaid thereon, by ordinary mail, containing the Affirmation in Opposition to Motion to Dismiss the Amended Complaint and Memorandum of Law in Opposition to Motion, addressed to the attorney for the Defendants, Eaton and Van Winkle at 3 Park Ave., 16th Floor, New York City, New York 10016.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: February 1, 2006

/s/___________________________
Eric N. Aglow, Esq.

**Eric N. Aglow, Esq.**
**UAW-GM Legal Services Plan**
*10 Woodbridge Center Drive*
*Suite 730*
*Woodbridge, New Jersey 07095*
*Voice: 732 602 1166*
*Fax: 732 602 9730*
*E-mail: Ericag@Uawlsp.com*
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------x

**CAROLYN FORREST**
Plaintiff

-against-

Case No. *04-CV-5151 (LTS)*

**UNIFUND FINANCIAL GROUP, INC.; UNIFUND AMERICA, INC.; RALPH SCOTT BARTER and MURIEL BARTER**
Defendants.

-----------------------------------------------x

**AFFIDAVIT OF PLAINTIFF IN OPPOSITION TO MOTION TO DISMISS**

STATE OF FLORIDA )

COUNTY OF Lake ) S.ss

The undersigned, having been duly sworn under oath according to law, does hereby state as follows subject to the penalties of perjury:

1. I am the Plaintiff in the above-captioned action.
2. I am a retiree living on a pension and social security and currently reside at 1984 Darby Place, The Villages, Florida.

3. I have filed this action due to the inexplicable loss of investments made with the Defendant companies, which were owned and/or controlled by the named individual Defendants, that totaled more than $200,000, representing most of my retirement savings.

4. All of these investments were made based upon the advice and recommendations of the individually named Defendants who were aware that I was an unsophisticated and inexperienced investor who desired only conservative and safe investments.

5. I have been advised by my attorneys that all of the Defendants have filed a Motion with this Court in which they request that all of my causes of actions be summarily dismissed without any discovery and without any hearing.

6. I have read the Affirmation filed in this Court by the attorney Alfred Ferrer, who represents all of the Defendants.

7. I have read in attorney Ferrer's sworn Affirmation that he alleges that Ms. Elizabeth Acton was a former employee of the Unifund entities named in this action and alleges that she has illegally absconded with and stolen voluminous original financial records of Unifund.

8. I have read in attorney Ferrer's sworn Affirmation that he alleges that Ms. Acton has refused to return said records to him or his clients and has made unlawful and extortionist type



demands for the payment of $200,000.00 in cash in exchange for said records.

9. I have read the accusation contained in Mr. Ferrer's Affirmation that I am currently working in "concert" with Ms. Acton in these illegal and extortionist activities.

10. I have read the further accusation in Mr. Ferrer's sworn Affirmation that I have made demands for certain stocks and that such demands could have only been made by me if I was working in concert with Ms. Acton's alleged illegal activities.

11. I have read the further accusation of attorney Ferrer that "the commencement and continued prosecution of this suit by plaintiff as part of an overall course of improper conduct with others of attempting to obtain large sums of cash and stock from defendants by the unlawful withholding of such defendant original files and by other threats associated with that course of conduct, is illegal..."

12. I have never met nor spoken with any individual named Elizabeth Acton.

13. I do not have possession of any records owned by any of the Defendants nor have I attempted, individually or in concert with any other person, to extort money from Defendants.



14. These extremely serious accusations made by attorney Ferrer are false and not substantiated by any documents or other references to reliable sources for said information.

15. Simply stated, these accusations are false, scandalous, inflammatory and prejudicial to the merits of this action.

16. It is my belief that these accusations were made to simply attempt to distract this Court from the merits of my action and the improper actions of Defendants which have resulted in the loss of most of my lifetime savings for retirement.

17. There may or may not be an individual named Elizabeth Acton who is engages in felonious activities but for attorney Ferrer to recklessly make these grave and false accusations against me, for the sole purpose of maligning my integrity with this Court, is wholly reckless and improper.

18. I have been advised by my attorneys that any papers submitted to this Court can only contain statements that are based upon the attorney's knowledge, information and belief and are formed after a reasonable inquiry.

19. I have been informed by my attorneys that papers can not be submitted to this Court by an attorney, or statements contained within any papers, unless said allegations and factual contentions have evidentiary support or are likely to

have evidentiary support after a reasonable opportunity for further investigation.

20. If reasonable inquiries were to be made it would be shown that these baseless and unsubstantiated accusations by attorney Ferrer are wholly false.

21. I have been advised by my attorney that attorney Ferrer has made a demand in his motion that sanctions be imposed against me and/or my attorneys due to said accusations, all of which are false.

22. At the same time, I have been advised by my attorneys that they received an unsolicited telephone contact from the office of the District Attorney for the County of New York, which is apparently conducting a formal criminal probe into the activities of the names individual Defendants.

23. It appears, therefore, that I, as a victim of the improper, fraudulent, and perhaps soon to be determined illegal, activities of the named individual Defendants, am again the victim of false and disgusting allegations by their attorney, along with an ironic plea for sanctions, all while it is the named individual Defendants who are under investigation for criminal activity.

24. The loss of most of my retirement savings through the improper actions of the Defendants was not only a great

financial loss for me but it also has caused extreme emotional distress for me.

25. Now that I have attempted to achieve redress and justice from this Court, I have now become the victim of false and scandalous accusations of attorney Ferrer, in papers submitted under oath to this Court, in which I am accused of being a co-conspirator with some person unknown to me in extortionist and illegal activities.

26. These statement by attorney Ferrer have afflicted upon me incalculable emotional and psychological suffering.

Dated: 9/21/05

Carolyn Forrest

Sworn To and Subscribed before me

this 27th day of Sept. 2005

Mary Noll
Notary Public
State of Florida
County of Lake

Mary Noll
Commission # DD333364
Expires June 28, 2008
Bonded Troy Fain - Insurance, Inc. 800-385-7019