UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAROLYN FORREST,

                Plaintiff,

      -against-

UNIFUND FINANCIAL GROUP, INC., UNIFUND
AMERICA, INC., RALPH SCOTT BARTER and
MURIEL BARTER,

                Defendants.

Case No. 04 CV 5151 (LTS)
ECF Case

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANTS' MOTION TO DISMISS THE
AMENDED COMPLAINT AND FOR OTHER RELIEF**

**EATON & VAN WINKLE LLP**
Attn: Vincent McGill, Esq. (VM 2655)
3 Park Avenue, 16th Floor
New York, New York 10016
(212) 779-9910; Fax: (212) 779-9928
vmcgill@evw.com

and

**BRUNELLE & HADJIKOW, P.C.**
Attn: Alfred Ferrer III (AF 3661)
40 Broad Street
New York, New York 10004
(212) 809-9100; Fax: (212) 809-3219
aferrer@brunellelaw.com

Attorneys for Defendants

00034932

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLYN FORREST,

                              Plaintiff,

             -against-                        Case No. 04 CV 5151 (LTS)
                                                                 ECF Case

UNIFUND FINANCIAL GROUP, INC., UNIFUND
AMERICA, INC., RALPH SCOTT BARTER and
MURIEL BARTER,

                              Defendants.

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT AND FOR OTHER RELIEF

Defendants respectfully submit this reply memorandum of law in further support of their motion for (i) an order dismissing the Amended Complaint, dated May 25, 2005, pursuant to Fed. R. Civ. P. 9(b) and 12(b)6; (ii) alternatively, to the extent the Court does not dismiss all claims in the Amended Complaint, an order pursuant to 9 U.S.C.A. §§ 3 and 4 staying this action and compelling arbitration of any remaining claims pursuant to the arbitration agreement entered into by plaintiff; and (iii) sanctions and attorneys fees and costs pursuant to Fed. R. Civ. P. 11, for both the improper assertion of the dismissed claims in the original Complaint, as well as the continued assertion of improper claims in the Amended Complaint.

Defendants have previously submitted the Memorandum of Law in Support of Defendant's Motion to Dismiss the Amended Complaint and for Other Relief, dated August 12,

00034919

2005 ("Moving Brief") and the Declaration of Alfred Ferrer III, dated August 12, 2005 (the "Ferrer Decl.").

This memorandum responds to plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Amended Complaint, dated February 1, 2006 ("Plaintiff's Opp. Mem."), the Affidavit of Plaintiff [Carolyn Forrest] in Opposition to Motion to Dismiss, sworn to September 27, 2005 ("Forrest Aff.").[1] Defendants also submit herewith the Declaration of Vincent J. McGill, dated March 26, 2006 ("McGill Decl.") and the Declaration of [Defendant] Muriel Barter, dated March 26, 2006 ("M. Barter Decl.").

## ARGUMENT

I.  **PLAINTIFF FAILS TO REBUT ANY OF THE FOUR INDEPENDENT LEGAL INSUFFICIENCIES OF THE CONTRACT CLAIM IN THE AMENDED COMPLAINT.**

Plaintiff wholly fails to rebut any of the four independent legal insufficiencies of the contract claim (Count I) in the Amended Complaint (*see*, Moving Brief pp. 4-9) Rather, plaintiff devotes an entire section of her opposing memorandum (at III.A.) to the argument that the Amended Dismissal Order did not bar plaintiff's assertion of a new contract claim in the Amended Complaint.

Defendants have never urged otherwise. What defendants did argue is that the Amended Complaint's inclusion of a new contract claim based on the limited partnership agreements (the vague contract claim in the original Complaint only referenced promissory notes, not any limited partnership agreements) provides express contractual terms which, *inter alia*, restrict any claims

---

[1] Plaintiff has also submitted an Affirmation of Attorney [Eric N. Aglow] in Opposition to Motion to Dismiss Amended Complaint, dated February 1, 2006. However, since it merely forwards plaintiff's other papers to the Court, no response is necessary here.

against the general partner--the only party against which such contract claim is asserted--to claims of fraud, willful misconduct and gross negligence. (*See,* Moving Brief, pp. 7-9) Plaintiff's fraud claim is discussed in section II below. As unrebutted by plaintiff's opposing papers, willful misconduct and gross negligence are both governed by the three-year statute of limitations provided by N.Y.C.P.L.R. § 214. Columbe v. New York Telephone Co., 102 A.D.2d 909, 477 N.Y.S.2d 490 (3d Dep't 1984); Zuckerbrod v. New York Telephone Co., 87 A.D.2d 374, 447 N.Y.S.2d 747 (2d Dep't 1982); Robinson v. Franklin General Hospital, 160 Misc. 2d 803, 611 N.Y.S.2d 778 (Sup. Ct., Nassau Co. 1994). That limitations statute is the same one upon which the Amended Dismissal Order dismissed plaintiff's breach of fiduciary duty claim in the original Complaint. The Amended Complaint's contract claim (Count I) is therefore time-barred.

The three cases cited in Plaintiff's Opp. Mem. are entirely inapposite. Plaintiff cites Smith v. General Accident Insurance, 91 N.Y.2d 648, 674 N.Y.S.2d 267 (1998), for the proposition that "[i]n the insurance defense context, failure to keep the insured informed about settlement negotiations may be evidence of bad faith." (Opp. Mem., pp. 15-16) The precise elements of a claim for bad faith, and whether insurance law has any applicability to the limited partnership agreements the subject of the Amended Complaint, are wholly irrelevant to that claim being time-barred. Smith does not in any way address the limitations issue and cannot rescue the staleness of plaintiff's contract claim.

Neither of the two other cases cited in the Opp Mem., Parker v. Leonard, 24 A.D.3d 1255, 807 N.Y.S.2d 774 (4th Dep't 2005), and Rodriguez v. Central Parking Sys. of N.Y., 10 Misc. 3d 435, 807 N.Y.S.2d 828 (N.Y. City Civ. Ct., N.Y. Co. 2005), involve an express

contractual provision limiting the nature of claims which can be asserted against a contract party, such as paragraph 14(f) of the limited partnership agreements here. (*See*, Moving Brief, pp. 7-9, Ferrer Decl., Exs. 5, 6,7, and 8, at p. 11)  Thus, those cases are wholly irrelevant.

In fact, the Amended Complaint acknowledges the express contractual limitation of remedy in the partnership agreements the basis of plaintiff's new contract claim.  At paragraph 39 of the Amended Complaint (quoted at Opp. Mem., p. 16), plaintiff alleges "Defendant acted in a grossly negligent fashion and in bad faith, in direct violation of contract."  As the uncontradicted authority discussed in the Moving Brief at p. 8 confirms, such claims are governed by the three-year limitations period of N.Y.C.P.L.R. § 214 and are therefore time-barred.

Plaintiff's only other response to the four independent legal reasons for the insufficiency of plaintiff's new contract claim (Moving Brief, pp. 4-9) is the argument at pp. 12-14 of the Opp. Mem. that the substantive limitations imposed by New York law on claims against general partners in a limited partnership apply only to claims by third-parties, not claims by limited partners.  There is no basis for that distinction.  For example, paragraph 14(f) of those agreements, which limits the remedies against the General Partner, expressly provides:

> f) The General Partner shall not be liable, responsible, or accountable in damages or otherwise to the Partnership **or any Limited Partner** for any action taken or failure to act on behalf of the Partnership within the scope of the authority conferred on the General Partner by this Agreement or by law unless such action or omission was performed or omitted fraudulently or in bad faith or constituted wanton and willful misconduct or gross negligence.

Ferrer Decl., Exs. 5, 6, 7, and 8, at p. 11; emphasis added.

Broome v. ML Media Opportunity Partners, L.P., 273 A.D.2d 63, 709 N.Y.S.2d 59 (1st Dep't 2000)(cited at Opp. Mem. p. 13), not only did not involve a contractual limitation of remedies, it held the claims there to be time-barred. That case has no applicability to defendants' motion to dismiss. Nor does Curley v. Brignoli, Curley & Roberts Associates, 915 F.2d 81 (2nd Cir. 1990)(cited at Opp. Mem. p. 13), which involved a limited partnership organized under Delaware not New York law, and the unique circumstances of the Court's conversion of the case to a class action due to the Supreme Court's decision in Carden v. Arkoma Associates, 494 U.S. 185 (1990), being rendered after the trial but before the completion of all judicial proceedings.

No authority or argument in plaintiff's opposing papers counters the multiple, independent legal infirmities in the Amended Complaint's contract claim (Count I). It should therefore be dismissed with prejudice.

## II. THE AMENDED COMPLAINT'S RESTATED FRAUD CLAIM CONTINUES TO BE INSUFFICIENT AS A MATTER OF LAW.

The Amended Dismissal Order dismissed the fraud and conspiracy to commit fraud claim (Count III) in the original Complaint for plaintiff's failure to plead such claim with the particularity required by Fed. R. Civ. P. 9(b)(Ferrer Decl., Ex. 3, p. 8). Defendants' Moving Brief exhaustively demonstrates, at pages 9 through 18, both the Amended Complaint's continued refusal to sufficiently particularize such claim (Count II, at Ferrer Decl., Ex. 4, ¶¶ 41-45) and its bar by the statute of limitations based on the supplemented allegation of the Amended Complaint. Plaintiff's opposing papers offer no effective response to either of those fatal deficiencies.

In its superficial response, plaintiff proffers merely two cases, <u>Wells Fargo Bank Northwest, N.A. v. Taca Intern. Airlines, S.A.</u>, 247 F. Supp. 2d 352 (S.D.N.Y. 2002)(Lynch, D.J.) and <u>New York City Transit Authority v. Morris J. Eisen, P.C.</u>, 276 A.D.2d 78, 715 N.Y.S.2d 232 (1st Dep't 2000). Both cases are obviously distinguishable and reiterate, rather than undermine, the strict fraud pleading requirements in the Second Circuit as mandated by <u>Novak v. Kasaks</u>, 216 F.3d 300 (2000), among other decisions. (*See e.g.,* Amended Dismissal Order, 5-6, 8; Moving Brief, pp. 9-10) *See also,* more recently, <u>Gurfein v. Ameritrade, Inc.</u>, 411 F. Supp. 2d 416 (S.D.N.Y. Feb. 6, 2006; Stanton, D.J.):

> Any fraud must be pled with particularity, Fed. R. Civ. P. 9(b); but the rule is applied assiduously to securities fraud. This Circuit's strict pleading requirements in securities-fraud cases, see Novak v. Kasaks, 216 F.3d 300, 307-10 (2d Cir. 2000), were (essentially) codified in the Private Securities Litigation Reform Act of 1995, *id.*, at 309-11. So no claim should be filed unless and until it can be supported by specific factual allegations.

The <u>Wells Fargo</u> decision, cited by plaintiff, in fact dismissed all fraud claims. The portion of the particularity discussion referred to by plaintiff is both dictum and taken out of context. In fact, the <u>Wells</u> court had stressed that "the complaint must specify the 'particulars' of the alleged fraud--including, for example, the time, place, particular individuals involved, and specific conduct at issue." Judge Lynch also emphasized the public policy for that requirement:

> ... Since "[i]t is a serious matter to charge a person with fraud," a plaintiff is not permitted to do so "unless he is in a position and is willing to put himself on record as to what the alleged fraud consists of specifically." <u>Segal v. Gordon</u>, 467 F.2d 602, 607 (2d Cir. 1972). *See* <u>Divittorio v. Equidyne Extractive Industries</u>, 822 F.2d 1242, 1247 (2d Cir. 1987).

While merely one of the many allegations of that fraud particularized in the Third-Party Complaint at ¶¶ 9-11, 13-16, 24, 36, 39, 40, 44, 50, 53-57, 63, 94 and the Counterclaims at ¶¶ 10,

11, 15, 16, 26, 30-34, 37-39, 50, 52, 73, 75 in Wells Fargo included a reference to representations "beginning in January 1998," that reference was in the context of extension further specifics and did not, as in the instant case, vaguely bridge a time period, part of which was barred by the statute of limitations. As discussed in the Moving Brief, the Rule 9(b) particularity mandated by the Amended Dismissal Order requires sufficient specificity for plaintiff to discharge her affirmative obligation of pleading claims which are not time-barred. For the second time, plaintiff has failed to do so.

The New York City Transit Authority case, involving an alleged scheme to use fraudulent testimony in personal injury cases has no even plausible relevance to this case.

We need not repeat here the primarily unchallenged detailed discussion at pp. 9-18 of the Moving Brief of the many independent reasons why the fraud and conspiracy to commit fraud claim (Count II) is insufficiently particularized within the mandate of Rule 9(b) and the Amended Dismissal Order.

### III. PLAINTIFF'S ARGUMENT THAT DEFENDANTS WAIVED THE ARBITRATION CLAUSE IS FRIVOLOUS; PLAINTIFF DID NOT EVEN ALLEGE A CLAIM UNDER THE LIMITED PARTNERSHIP AGREEMENTS-- WHICH CONTAIN THE ARBITRATION CLAUSE--IN THE ORIGINAL COMPLAINT.

As discussed above, the original Complaint asserted a contract claim only under promissory notes, not under the limited partnerships agreements which contain the arbitration clause. Plaintiff's claim of waiver is therefore demonstrably frivolous.

Moreover, even had plaintiff asserted a claim under the limited partnership agreements in the original Complaint, there would be no waiver by defendants' first raising the arbitration clause in this motion to dismiss the Amended Complaint, as there has been no discovery and

plaintiff can claim no prejudice. *See e.g.,* Sweater Bee by Banff v. Manhattan Ind., 754 F.2d 457 (2d Cir. 1985); Rush v. Oppenheimer, 779 F.2d 885 (2d Cir. 1985).

It is respectfully submitted, however, that in light of the legal deficiency of the Amended Complaint, the Court need not reach this issue, and the Amended Complaint should be dismissed in its entirety with prejudice.

**V.     IN LIGHT OF PLAINTIFF'S PRIOR ASSERTION OF THE TIME-BARRED FIDUCIARY DUTY CLAIM, AS WELL AS PLAINTIFF'S CONTINUED ASSERTION IN THE AMENDED COMPLAINT OF CLAIMS LACKING EVIDENTIARY AND LEGAL SUPPORT AND ASSERTED FOR AN IMPROPER PURPOSE, SANCTIONS AND ATTORNEY'S FEES PURSUANT TO FED. R, CIV. P. 11 SHOULD BE GRANTED.**

Plaintiff has responded to only one of the four independent reasons advanced in the moving papers warranting Rule 11 sanctions against plaintiff for the continued imposition of defense costs in order to respond to frivolous claims. (Opp. Mem. pp. 5-11; Moving Mem., pp. 19-21) The accompanying McGill and M. Barter Declarations respond to plaintiff's single response; the other three grounds remain unchallenged. Fundamental to the frivolousness warranting sanction is plaintiff's attempt through now two pleadings to conceal time-barred claims by vagueness and the intentional lack of specificity in pleading. The substantial defense costs have been unjustified, and reimbursement is fair and appropriate.

## CONCLUSION

For the above reasons, and those discussed in the accompanying two declarations as well as their moving papers, defendants respectfully request: (i) an order dismissing the Amended Complaint, dated May 25, 2005, pursuant to Fed. R. Civ. P. 9(b) and 12(b)6; (ii) alternatively, to the extent the Court does not dismiss all claims in the Amended Complaint, an order pursuant to

00034919                                                8

9 U.S.C.A. §§ 3 and 4 staying this action and compelling arbitration of any remaining claims pursuant to the arbitration agreement entered into by plaintiff; and (iii) sanctions and attorneys fees and costs pursuant to Fed. R. Civ. P. 11, for both the improper assertion of the dismissed claims in the original Complaint, as well as the continued assertion of improper claims in the Amended Complaint.

Dated: New York, New York
March 24, 2006

        EATON & VAN WINKLE LLP
        Attn: Vincent McGill, Esq. (VM 2655)
        3 Park Avenue, 16th Floor
        New York, New York 10016
        (212) 779-9910; Fax: (212) 779-9928
        vmcgill@evw.com

        and

        BRUNELLE & HADJIKOW, P.C.

        By: _____
           Alfred Ferrer III (AF 3661)
        40 Broad Street
        New York, New York 10004
        (212) 809-9100; Fax: (212) 809-3219
        aferrer@brunellelaw.com

        Attorneys for Defendants