UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAROLYN FORREST,

                Plaintiff,

-against-

UNIFUND FINANCIAL GROUP, INC., UNIFUND AMERICA, INC., RALPH SCOTT BARTER and MURIEL BARTER,

                Defendants.

Case No. 04 CV 5151 (LTS)
ECF Case

**DECLARATION OF MURIEL BARTER**

---

MURIEL BARTER, pursuant to 28 U.S.C. §1746, declares as follows:

1. I am a defendant in this action and respectfully submit this declaration in further support of defendants' motion for dismissal of the Amended Complaint, dated May 25, 2005, and for related relief.

2. I have read the Affidavit of Plaintiff [Carolyn Forrest] in Opposition to Motion to Dismiss, sworn to September 27, 2005 ("Forrest Aff."). Among other arguments, Ms. Forrest disputes certain statements by my counsel, Alfred Ferrer III, at paragraphs 4, 5 and 6 of his Declaration, dated August 12, 2005 ("Ferrer Decl.").

3. The Declaration, dated March 26, 2006, of another of my counsel, Vincent J. McGill, responds to such arguments by Ms. Forrest. In addition, I have first-hand knowledge with respect to paragraph 5 of Mr. Ferrer's Declaration, which reads as follows:

> In connection with our efforts to recover such files from Ms. Acton so that we could appropriately represent our clients in this action and other matters (*see e.g.*, Exhibits 9, 10 and 11), we have learned that Ms. Acton has been working in concert with others, including Carolyn Forrest, the plaintiff in this action. Ms.

00034917

Forrest has, for example, herself made demands for stock in an investment in which she has never invested and never would have been aware of absent concerted actions with Ms. Acton.

4. Ms. Forrest made those demands directly to me. I specifically recall Ms. Forrest on at least two occasions in the summer of 2004 calling me and demanding "where is my Pipeline stock?" I responded that she had never invested in Pipeline. Ms. Forrest persisted without any justification or right.

5. Ms. Forrest never participated in any investment in a matter called Pipeline, to my knowledge, nor did I ever discuss with her such an investment by her. Ms. Forrest had no legitimate basis to ever assert any demand for shares of Pipeline stock.

6. The only way, to my knowledge, Ms. Forrest could ever have even become aware of an investment called Pipeline is from information in the records which Elizabeth Acton has wrongfully retained. Those records contain information with respect to the investors in Unifund and investments by Unifund in other unrelated companies. Ms. Acton's demands for shares in two such non-Unifund-related companies were specifically discussed in Mr. McGill's May 26, 2005, letter to Ms. Acton (Ferrer Decl., Ex. 9), as well as Mr. McGill's Declaration, at paragraph 7.

7. Whether Ms. Forrest obtained information about the Pipeline investment in direct discussions with Ms. Acton, or by Ms. Acton wrongly making those confidential records available to Ms. Forrest, or to someone representing Ms. Forrest, or to someone else who has had communications with Ms. Forrest, is immaterial. The ultimate source of any information Ms. Forrest learned about the Pipeline shares she directly demanded from me, without any justification, could only be from the confidential files Ms. Acton has wrongfully retained. To the

extent Ms. Forrest wrongfully obtained that confidential information about Pipeline indirectly from those files does not make proper her persistent demands directly to me for that non-Unifund investment to which she never had a right.

8. I understand that to the extent any of Ms. Forrest's claims are not dismissed on this motion, defendants will have an opportunity in discovery to learn how Ms. Forrest became aware of the Pipeline investment and then made a wrongful demand for such stock, including inquiry with respect to her statement that she has "never met nor spoken with any individual named Elizabeth Acton."

9. However, for the reasons discussed in defendants' moving papers, I would urge the Court to dismiss the Amended Complaint in its entirety to avoid the further expenditure of unwarranted costs imposed by this action, which I understand would be substantial for discovery.

10. I also understand that it is neither appropriate nor necessary on a motion to dismiss to respond to factual assertions by plaintiff in its opposing papers, in light of the threshold legal determination by the Court as to whether the allegations of the Amended Complaint state a legal claim for relief. In responding above to assertions by plaintiff that statements made by our counsel in the moving papers did not have an adequate basis, I do not waive the right to factually respond to any and all specific factual assertions by plaintiff at the appropriate procedural time to the extent defendants' motion is not granted. Thus, for purposes of this motion, I deny all factual assertions in Ms. Forrest's affidavit not specifically discussed above.

11. I note that plaintiff's opposing papers, like her earlier submissions, repeat *ad nauseam* her allegations that she is a retiree. She also claims that "all of the investments were

made based upon the advice and recommendations of the individually named Defendants ...." Forrest Aff., ¶ 4. Such a false, sworn statement, conflicts with her own Amended Complaint, which concedes that she never had any direct communications with my son, Ralph Scott Barter, who is the only individual defendant other than me. Plaintiff really relied on her own son, Lewis, for any investment advice (*see e.g.*, Amended Complaint, ¶¶ 8-9). I never at any time gave any investment advice to Ms. Forrest.

12.    Moreover, I respectfully remind the Court of the well-known condition of the overall markets during the time of Ms. Forrest's investments. As discussed at page 2 of defendants' Moving Brief, plaintiff's 1998 and 1999 investments the subject of the Amended Complaint were made immediately before the overall capital markets, which had been fueled by tech and dot.com stocks, sharply began to decline in 2000. Moreover, with a single exception, every one of the promissory notes alleged in the Amended Complaint is alleged to have become due in the immediate aftermath of the events of September 11, 2001.

13.    For those and the many other reasons discussed in defendants' moving papers, plaintiff's repeated references to her being a retiree do not substitute for her compliance with the legal requirements of a valid claim. And, although irrelevant to any specific legal and factual issue, but as a response to the apparent belief by plaintiff that the number of times the word "retiree" is mentioned can substitute for a legally viable claim, I am 85 years of age, and the deep and lengthy plunge of the overall capital markets beginning in 2000 affected my financial condition as well.

14. On behalf of all defendants, I respectfully request the Court to grant defendants' motion for dismissal of the Amended Complaint in its entirety and for the further relief discussed in our moving papers.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 26, 2006.

_____
MURIEL BARTER