UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLYN FORREST,

                          Plaintiff,

            -against-

UNIFUND FINANCIAL GROUP, INC., UNIFUND
AMERICA, INC., RALPH SCOTT BARTER and
MURIEL BARTER,

                          Defendants.

Case No. 04 CV 5151 (LTS)
ECF Case

**DECLARATION OF
VINCENT J. McGILL**

    VINCENT J. McGILL, pursuant to 28 U.S.C. §1746, declares as follows:

    1.    I am an attorney admitted to practice in the State of New York and a partner of the firm of Eaton & Van Winkle LLP, attorneys for defendants.

    2.    I respectfully submit this declaration in further support of defendants' motion for (i) an order dismissing the Amended Complaint, dated May 25, 2005, pursuant to Fed. R. Civ. P. 9(b) and 12(b)6; (ii) alternatively, to the extent the Court does not dismiss all claims in the Amended Complaint, an order pursuant to 9 U.S.C.A. §§ 3 and 4 staying this action and compelling arbitration of any remaining claims pursuant to the arbitration agreement entered into by plaintiff; and (iii) sanctions and attorneys fees and costs pursuant to Fed. R. Civ. P. 11, for both the frivolous assertion of the dismissed claims in the original Complaint, as well as the continued assertion of frivolous claims in the Amended Complaint.

    3.    This declaration responds to assertions contained in the Affidavit of Plaintiff [Carolyn Forrest] in Opposition to Motion to Dismiss, sworn to September 27, 2005 ("Forrest

Aff."), at paragraphs 7 through 26. In those paragraphs, Ms. Forrest grossly embellishes the very specific statements made in defendants' moving papers at paragraphs 4, 5 and 6 of the Declaration of Alfred Ferrer III, dated August 12, 2005 ("Ferrer Decl."). Plaintiff then accuses Mr. Ferrer of making allegations that are "scandalous," "disgusting," "inflammatory," "false," "prejudicial," "reckless," and "grave," among other adjectives, which she claims have "malign[ed] [her] integrity," and caused her "incalculable emotional and psychological suffering."

4. Ms. Forrest's attorney, in his Affirmation of Attorney in Opposition to Motion to Dismiss Amended Complaint, dated February 1, 2006 ("Aglow Aff."), at paragraph 3, asserts "reprehensible, scandalous and wholly unsubstantiated personal allegations against Plaintiffs [sic]", and spends 12 pages (pp. 5-11), over one-third of plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss Amended Complaint, dated February 1, 2006 ("Plaintiff Opp. Mem."), which is five pages over the Court's limit, accusing Mr. Ferrer of "slander," "horrific personal accusations," "absence of integrity," and acting "contrary to ethical obligations," among other *ad hominem* personal attacks. This overwrought language by plaintiff and her counsel seeks to rescue a factually and legally deficient Amended Complaint which accuses defendants of fraud, conspiracy to commit fraud, and bad faith, among other claims.

5. Ms. Forrest's attorney also misrepresents the matter discussed in the paragraphs 4, 5 and 6 of the Ferrer Declaration to be the only basis demonstrated in the moving papers to sanction plaintiff for her frivolous claims. Rather, as previously discussed at pages 19 to 21 of Defendants' Moving Brief, and as unrebutted, and conceded, on this record, sanctions against plaintiff are warranted (i) for her assertion of time-barred claims dismissed in both the

Memorandum Opinion and Order of the Honorable Laura Taylor Swain, dated May 5, 2005 (the "Original Dismissal Order")(Ferrer Decl., Ex. 2), and the Amended Memorandum Opinion and Order, dated May 12, 2005 (the "Amended Dismissal Order")(Ferrer Decl., Ex. 3)(*see,* authority at Moving Brief, pp. 19); (ii) plaintiff's knowing disregard in the new claims asserted in the Amended Complaint of the arbitration agreement in each of the agreements upon which her contractual claims are based (*see,* authority at Memorandum of law in Support of Defendants' Motion to Dismiss the Amended Complaint and for Other Relief, dated August 12, 2005 ("Moving Brief"), p. 20); and (iii) plaintiff's continued assertion of claims contradicted by the express terms of the agreements upon which they are purportedly based (*see,* Moving Brief, p. 21). The continued assertion in the Amended Complaint of claims time-barred is a fifth basis for sanctioning plaintiff in order to reimburse defendants for the unjustified substantial expense of defending both dismissed individual claims and the frivolous Amended Complaint as a whole.

6. With respect to the limited statements actually made in the paragraphs 4, 5 and 6 of the Ferrer Declaration, this will confirm that I have direct, first-hand knowledge of the following. On May 25, 2005, I personally received a return phone call from Elizabeth Acton in which I again requested her to return those files, including computer disks, of the Unifund companies, which include defendants in this action, which Ms. Acton had gained possession of in her capacity as a former clerical assistant to those companies. Representatives of those companies and myself personally had previously requested her to return such files.

7. In response to my further request for the files during the May 25, 2005, telephone call with Ms. Acton, she demanded $75,000 in cash, 50,000 shares of the stock of a company named Dune Energy--which has no relationship to the Unifund companies--and, additionally,

50,000 shares of the stock of a company named Coastal Energy--which similarly has no relationship to the Unifund companies.

8. When I asked in that telephone call for the justification for that cash and stock demand for her to return the companies' records, Ms. Acton's only response was that "it [was] appropriate."

9. I confirmed that conversation in a letter Federal Expressed to Ms. Acton the very next day, May 26, 2005, a true copy of which was included in defendants' moving papers, as Exhibit 9 to the Ferrer Declaration. I personally drafted and signed that letter. My letter also urged Ms. Acton to confer with an attorney, and I assured her that such files would be safeguarded at our law firm for the use by any appropriate person.

10. When I received no response from Ms. Acton, I again wrote Ms. Action on June 6, 2005, in a letter Federal Expressed to her, with an additional copy send by first-class mail. A true copy of that letter, which I personally drafted and signed, was included in defendants' moving papers as Exhibit 10 of the Ferrer Declaration. That letter reiterated our demand for the return of the Unifund files, as well as expressly put Ms. Acton on notice that her refusal to return such records impeded our ability to properly represent our clients, could cause them substantial damages, and would cause them to incur unnecessary legal expenses.

11. After confirming the receipt of both my letters by the doorman in Ms Acton's residence, and after leaving another telephone message on Ms. Acton's answering machine, I again wrote her by June 23, 2005, letter sent by both Federal Express and U.S. Priority Mail. A true copy of that letter, which was drafted and signed by me personally, was included in defendants' moving papers as Exhibit 11 to the Ferrer Declaration.

12.     On Friday, June 24, 2005, a telephone message was left on my office voice mail from a person identifying himself as Gus Michael Farinella, who advised that he was Ms. Acton's attorney. He left no substantive message. When I first received that telephone message on Monday, June 27, 2005, I called the phone number left on the message and requested Mr. Farinella to call me. When I did not hear back from him, I left a second phone message for him on Wednesday, June 29, 2005. I followed up with a letter mailed to him, which I personally drafted and signed. A true copy of that letter, printed out from my office computer files, is annexed hereto as Exhibit 1.

13.     Sometime after that letter was sent, Mr. Farinella called me. My colleague Alfred Ferrer III, who had previously provided the Court with my three letters to Ms. Acton (Ferrer Decl., Exs. 9, 10 and 11), was in my office at the time and listened to that call. Mr. Farinella repeated Ms. Acton's prior demand that the records she had retained of the Unifund companies would be returned only upon payment to her of $50,000 in cash and the 100,000 shares of stock in two unrelated companies, as she had previously demanded (*see*, ¶¶ 7-8 above). I explained to Mr. Farinella the impropriety of that demand and his client's fiduciary duty to return company files rather than attempting to use her possession of them for her own financial profit. I asked Mr. Farinella to confirm in writing the demand he had made by phone, as well as his authority to present that demand on Ms. Acton's behalf as her counsel.

14. Not surprisingly, I never received anything in writing from Mr. Farinella. Nor have I received any further communication from either him or Ms. Acton. To date, some nine months later, she still has not returned the companies' records.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 26, 2006.

_____
VINCENT J. McGILL

# EXHIBIT 1

**(To Declaration of Vincent J. McGill, dated March 26, 2006)**

**Vincent J. McGill**
Partner

Direct Dial: (212) 561-3604
Email: VMcGill@EVW.com

June 29, 2005

Gus Michael Farinella, Esq.
180 West 20th Street
The Westminster Building
Suite 12B
New York, NY 10011

        Re: Unifund/Acton

Dear Mr. Farinella:

    Last Friday I received your message advising that you represent Elizabeth Acton.

    I tried to reach you Monday and Wednesday to discuss the return of the records of Unifund Financial Group being held by Ms. Acton. Ms. Acton's continued failure to turn over the documents is causing Unifund unnecessary difficulties and expense. Further, it is my understanding that Ms. Acton is improperly using Unifund's information for her own personal gain.

    I will be calling in an attempt to discuss this matter. Should I fail, I would appreciate it if you would call me at your earliest convenience.

                            Sincerely,

                            Vincent J. McGill

VJM:rs

cc:    82-11 37th Avenue
       Suite 702
       Jackson Heights, NY 11372

       3075 Veterans Memorial Highway
       Ground Level
       Ronkonkoma, NY 11779