UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLYN FORREST,

                              Plaintiff,

         -against-

UNIFUND FINANCIAL GROUP, INC., UNIFUND
AMERICA, INC., RALPH SCOTT BARTER and
MURIEL BARTER,

                              Defendants.

Case No. 04 CV 5151 (LTS)
ECF Case

**DEFENDANTS' ANSWER
TO AMENDED COMPLAINT**

Defendants Unifund Financial Group, Inc. ("Financial Inc."), Unifund America, Inc.

("America Inc."), Ralph Scott Barter ("Scott Barter") and Muriel Barter, by their undersigned

counsel, respectfully answer the Amended Complaint as follows:

1.       Deny each and every allegation of paragraph 1 of the Amended Complaint, except

admit that the Amended Complaint requests damages.

2.       Deny each and every allegation of paragraph 2 of the Amended Complaint,

specifically deny that this Court has jurisdiction over this matter due to the arbitration agreements

entered into by plaintiff in each of the limited partnership agreements upon which she bases her

claims in the Amended Complaint, except deny knowledge or information sufficient to form a

belief as to plaintiff's current residence.

3.       Admit the allegations of paragraph 3 of the Amended Complaint, except deny that

this Court has jurisdiction over this matter due to the arbitration agreements entered into by

plaintiff in each of the limited partnership agreements upon which she bases her claims in the

Amended Complaint

4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Amended Complaint.

5.    Admit the allegations of paragraph 5 of the Amended Complaint.

6.    Deny each and every allegation of paragraph 6 of the Amended Complaint, except admit that defendant Ralph Scott Barter is an individual; that he was the President and a shareholder of Unifund Financial Group, Inc.; and that he was a shareholder of Unifund America, Inc.

7.    Deny each and every allegation of paragraph 7 of the Amended Complaint, except admit that Muriel Barter is an individual who resides at 333 East 49th Street, Apt. 8H, New York, New York 10017.

8.    Deny each and every allegation of paragraph 8 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding communications between Lewis Forrest and his acquaintance.

9.    Deny each and every allegation of paragraph 9 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding communications between Lewis Forrest and his mother, Plaintiff Carolyn Forrest.

10.    Deny each and every allegation of paragraph 10 of the Amended Complaint, except refer to pertinent documents with respect to the dates upon which any telephone communications occurred between plaintiff and Muriel Barter.

11.    Deny each and every allegation of paragraph 11 of the Amended Complaint.

12.    Deny each and every allegation of paragraph 12 of the Amended Complaint.

2

13.    Deny each and every allegation of paragraph 13 of the Amended Complaint.

14.    Deny each and every allegation of paragraph 14 of the Amended Complaint, except admit that a Unifund Partners Fund, L.P., Series X Non-Negotiable Promissory Note, dated June 25, 1998, in the principal amount of $20,000, was issued to "Louis & Carolyn Forrest (JTWROS)" for a payment of $20,000.

15.    Deny each and every allegation of paragraph 15 of the Amended Complaint, except admit that Plaintiff made certain investments in debt instruments in the following amounts on or around the following dates:  $100,000 on July 14, 1998; $10,000 on July 17, 1998; $30,000 on August 18, 1998; and $100,000 on November 6, 1998.

16.    Deny each and every allegation of paragraph 16 of the Amended Complaint, except admit that Plaintiff requested the reinvestment of certain income interest.

17.    Deny each and every allegation of paragraph 17 of the Amended Complaint.

18.    Deny each and every allegation of paragraph 18 of the Amended Complaint, except admit that Plaintiff purchased debt interests amounting to over $200,000 in four limited partnerships, Unifund Partners Fund, L.P., Series X, XI, XII and XIV, and that Unifund Financial Group, Inc., was the general partner of each.

19.    Deny each and every allegation of paragraph 19 of the Amended Complaint.

20.    Deny each and every allegation of paragraph 20 of the Amended Complaint.

21.    Deny each and every allegation of paragraph 21 of the Amended Complaint, except refer to the promissory notes for their terms.

3

22.    Deny each and every allegation of paragraph 22 of the Amended Complaint, except refer to the pertinent investor memorandum, limited partnership agreement, promissory note, and opinion letter for their terms and disclosures.

23.    Deny each and every allegation of paragraph 23 of the Amended Complaint.

24.    Deny each and every allegation of paragraph 24 of the Amended Complaint, except refer to the documents referenced in that paragraph for their contents.

25.    Deny each and every allegation of paragraph 25 of the Amended Complaint, except admit that on May 17, 1999, a Form SB-2 Registration Statement under the Securities Act of 1993 (the "Registration Statement") was filed by Unifund America, Inc., with the assistance of securities counsel, and refer to such document for its contents.

26.    Deny each and every allegation of paragraph 26 of the Amended Complaint, except refer to the Registration Statement for its contents.

27.    Deny each and every allegation of paragraph 27 of the Amended Complaint, and affirmatively state that the Registration Statement was never declared effective by the SEC and therefore could not be disseminated to investors such as plaintiff.

28.    Deny each and every allegation of paragraph 28 of the Amended Complaint, except state that the statements issued to clients, including plaintiff, were accurate.

29.    Deny each and every allegation of paragraph 29 of the Amended Complaint, except admit that due to risks disclosed to plaintiff prior to her investments certain promissory notes could not be paid when they matured.

30.    Deny each and every allegation of paragraph 30 of the Amended Complaint.

4

## AS TO COUNT I
## ALLEGED BREACH OF CONTRACT

31.     Respond to paragraph 31 of the Amended Complaint, by re-alleging and restating their above denials and other responses to paragraphs 1 through 30 of the Amended Complaint.

32.     Admit the allegation of paragraph 32 of the Amended Complaint.

33.     Deny each and every allegation of paragraph 33 of the Amended Complaint, except refer to the limited partnership agreements for their terms, including but not limited to the provisions governing the "Powers, Rights, and Duties of General Partner."

34.     Deny each and every allegation of paragraph 34 of the Amended Complaint, except refer to the limited partnership agreements for their terms, including but not limited to the provisions governing the "Powers, Rights, and Duties of General Partner."

35.     Deny each and every allegation of paragraph 35 of the Amended Complaint.

36.     Deny each and every allegation of paragraph 36 of the Amended Complaint, except refer to the specific written statements that were issued to plaintiff.

37.     Deny each and every allegation of paragraph 37 of the Amended Complaint, except admit that certain promissory notes which matured in 2001 and 2002 could not be paid due to risks disclosed to plaintiff prior to her investments.

38.     Deny each and every allegation of paragraph 38 of the Amended Complaint, except refer to the partnership agreements for their contents.

39.     Deny each and every allegation of paragraph 39 of the Amended Complaint.

40.     Deny each and every allegation of paragraph 40 of the Amended Complaint.

5

### AS TO COUNT II
### ALLEGED FRAUD AND CONSPIRACY TO COMMIT FRAUD

41.     Respond to paragraph 41 of the Amended Complaint, by re-alleging and restating their above denials and other responses to paragraphs 1 through 32 of the Amended Complaint.

42.     Deny each and every allegation of paragraph 42 of the Amended Complaint.

43.     Deny each and every allegation of the paragraph numbered "28," which follows the paragraph numbered "42," in the Amended Complaint.

44.     Deny each and every allegation of the paragraph numbered "29," which follows the paragraph numbered "28," in the Amended Complaint.

45.     Deny each and every allegation of the paragraph numbered "43," which follows the paragraph numbered "29," in the Amended Complaint.

46.     Deny each and every allegation of the paragraph numbered "44," which follows the paragraph numbered "43," in the Amended Complaint.

47.     Deny each and every allegation of the paragraph numbered "45," which follows the paragraph numbered "44," in the Amended Complaint.

### OTHER DEFENSES

48.     The Amended Complaint fails to state a claim upon which relief can be granted.

49.     The Amended Complaint is barred in whole or in part by the applicable statutes of limitation.

6

50.    The Amended Complaint is barred, and should be stayed, by the arbitration agreements plaintiff entered into in each of the limited partnership agreements upon which she bases her claims.

51.    The Amended Complaint is barred in whole or in part by the doctrines of waiver, estoppel, unclean hands, ratification, and laches.

52.    Plaintiff was aware of and knowingly accepted the risk factors disclosed to her prior to her making her investments.

53.    The Amended Complaint is barred in whole or in part by the failure to plead the claims with the specificity required by, *inter alia*, statute and rule.

**WHEREFORE**, Defendants respectfully request judgment for the following relief:

A.    Dismissing with prejudice the Amended Complaint and each claim asserted in it;

B.    Granting defendants their costs of defending this action, including their reasonable attorney's fees, disbursements and other expenses; and

7

C.     Granting defendants such other and further relief as the Court deems just and

proper.

Dated:  New York, New York
        March 27, 2007

ALFRED FERRER III (AF 3661)
3 Park Avenue, 16th Floor
New York, New York 10016
(917) 282-4750
aferrer@evw.com

EATON & VAN WINKLE LLP
Vincent McGill (VM 2655)
3 Park Avenue, 16th Floor
New York, New York 10016
(212) 779-9910;  Fax: (212) 779-9928
vmcgill@evw.com

Attorneys for Defendants

8

H:\AF\Barter\ForrestLit\Answer.wpd
March 27, 2007 (5:00pm)