UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
**CAROLYN FORREST**

                         Plaintiff

  -against-                                            Case No. *04-CV-5151 (LTS)*

**UNIFUND FINANCIAL GROUP, INC.;**
**UNIFUND AMERICA, INC.;**
**RALPH SCOTT BARTER and**
**MURIEL BARTER**
                         Defendants.
-------------------------------------------------------x

# RULE 26(f) PRELIMINARY PRE-TRIAL STATEMENT

### RULE 16(B) INITIAL PRE-TRIAL CONFERENCE
### TO BE CONDUCTED ON MAY 4, 2007

Name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party representation.

| **Counsel for Plaintiff Carolyn Forrest** | **Counsel for Defendants** |
|---|---|
| Eric N. Aglow, Esquire | Alfred Ferrer, III, Esq., Of Counsel |
| UAW Legal Services Plan | Eaton and Van Winkle LLP |
| 10 Woodbridge Center Drive | 3 Park Ave. |
| Suite 730 | 16th Floor |
| Woodbridge, NJ 07095 | New York City, New York 10016 |
| Voice: (732) 602 1166 | Voice: 212 779 9910 |
| Fax:   (732) 602 9730 | Fax:   212 779 9928 |
| E-mail: Ericag@uawlsp.com | E-mail:  aferrer@evw.com |

a. The Amended Complaint alleges two basic causes of action: Count I alleges breach of contract against Defendant Unifund Financial Group, Inc., the general partner of four limited partnerships in which Plaintiff invested, with respect to alleged contractual obligations of the general partner and the limited partnership agreements. Count II alleges fraud and conspiracy to commit fraud by all defendants.

The Amended Complaint alleges that investments aggregating more than $250,000 were made by Plaintiff in June, July, August and November 1998, and again reinvested in March 1999, in limited partnerships for which Unifund Financial Group, Inc., served as general partner and which investments were not registered with any state or federal government. The Amended Complaint further alleges that said investments were made pursuant to specific advice and representations by Defendant Muriel Barter and Scott Barter which were knowingly false and fraudulent. In addition, it is alleged that said Defendants gave specific advice and representations to Plaintiff to reinvest so-called interest from said limited partnerships in Fifthmar Capital Corporation, a company owned by Defendant Muriel Barter. The Amended Complaint alleges that said misrepresentations included statements that the Barters were qualified and licensed stockbrokers and qualified and licensed to provide investment advice and sell securities, that Defendant Ms. Barter repeatedly referred to herself and Mr. Barter as "stockbrokers", that the investments "were

safe with a 'guaranteed' return", that the general partner was a solid company with wide ranging investments, that the limited partnerships were good and suitable investments for a large portion of the Defendant's limited retirement funds and that the companies offering these securities were experienced, solvent and trustworthy.  The Amended Complaint also alleges that the limited partnership investments were not registered with the federal or any state government; that each partnership investment involved a promissory note with principal payable in either three or four years; and that the limited partnerships were to be invested by the general partner, Defendant Unifund Financial Group, Inc., in emerging small capitalization companies.

Defendants deny the material allegations of the Amended Complaint, specifically denying any misrepresentation by any defendant and any breach by the general partner of the limited partnership agreements.  Moreover, as Defendants previously discussed in, *inter alia*, their motion to dismiss the Amended Complaint, Defendants urge that Plaintiff's investments were right before the overall capital markets, which had been fueled by tech and dot.com stocks, sharply began to decline in 2000, and that, with a single exception, every one of the promissory notes alleged in the Amended Complaint is conceded to have become due in the immediate aftermath of the events of September 11, 2001.  Defendants also

      contend, *inter alia*, that Plaintiff's claims are time barred and meritless for the other reasons in Defendants' Answer to Amended Complaint.

b. Defendants dispute this Court's jurisdiction as is stated in Defendants' Answer to Amended Complaint, at ¶¶ 3, 50. It is also still to be determined whether Plaintiff resides, and/or continues to reside, at the address alleged by her at paragraph 4 of the Amended Complaint as her basis for this Court's diversity jurisdiction. Defendant will not contest any amendment of the Amended Complaint due to a change to the current address of Plaintiff. Plaintiff does not dispute the jurisdiction of this Court pursuant to 28 U.S.C. 1332 as so stated by the Court in their Opinion and Order dated March 12, 2007.

c. The material uncontested or admitted facts at this stage of the action include: that a Unifund Partners Fund, L.P., Series X Non-negotiable Promissory Note, dated June 25, 1998, in the principal amount of $20,000, was issued to "Louis & Carolyn Forrest (JTWROS)"; that Plaintiff made four separate investments in debt instruments in the total amount of $240,000 in limited partnerships, Unifund Partners Fund, L.P., Series X, XI, XII, XIV, of which Unifund Financial Group, Inc. was the general partner. It is also admitted that Defendants Unifund Financial Group, Inc., and Unifund America, Inc., are New York corporations; that Defendant Ralph Scott Barter was the President and a shareholder of Defendant Unifund Financial Group, Inc.; and that Defendant Muriel Barter lives at the address alleged in

      the Amended Complaint

d.    At this stage of the action, there are no uncontested legal issues.

e.    The contested legal issues to be decided by the Court include:

    1. Whether or not general partner Defendant Unifund Financial breached their contract with Plaintiff.

    2. Whether or not Defendants Muriel Barter and/or Scott Barter made fraudulent statements to Plaintiff and/or entered into a conspiracy to make fraudulent statements during the course of time that Plaintiff invested and reinvested money with the limited partnerships or during any relevant time period relating to the causes of actions stated in the Amended Complaint.

    3. Whether or not all or part of Plaintiff's contract claim is time barred.

    4. Whether or not all or part of Plaintiff's fraud and conspiracy to commit fraud claims are time barred.

    5. Whether or not Defendants waived the arbitration clause in the limited partnership agreements.

    6. Whether or not each and every element of Plaintiff's breach of contract claim can be proven by Plaintiff.

    7. Whether or not each and every element of Plaintiff's fraud and conspiracy to commit fraud claim can be proven by Plaintiff.

    8. Whether or not any claimed misstatements were material.

9. Whether or not Plaintiff relied upon or was induced by any material and fraudulent misrepresentations by any Defendant(s).

10. Whether or not any damages suffered by Plaintiff were proximately caused by any breach or claimed misstatement by any Defendant.

11. Whether or not Plaintiff can prove the required scienter for her fraud and conspiracy to commit fraud claims.

12. Whether or not any viable claim has been asserted against Unifund America, Inc.

13. Whether or not Plaintiff's breach of contract claims are viable against the general partner of the limited partnerships.

14. Whether or not the limited partnerships are indispensible parties to Plaintiff's breach of contract claim and fraud and conspiracy to commit fraud claims.

15. Whether or not Plaintiff can prove fraudulent conduct, bad faith, wanton and willful misconduct or gross negligence.

16. Whether or not Plaintiff's fraud and conspiracy to commit fraud claims are pleaded with the requisite particularity.

17. Whether or not any defendant solicited Plaintiff.

18. Whether the failure of Defendants to disseminate the Unifund America, Inc., Registration Statement or Prospectus, prior to such being declared effective by the SEC, is actionable under any of Plaintiff's two legal claims.

19. Whether or not any or all of Plaintiff's claims are barred by the doctrines of waiver, estoppels, unclean hands, ratification and laches.

20. Whether or not Plaintiff accepted the risk factors disclosed to her prior to making her investments, precluding any or all of her claims.

f.  Contested material facts.

All those facts underlying the legal issues in paragraph e above.

g.  Legal basis for each cause of action:

Breach of contract, fraud and conspiracy to commit fraud. The legal basis for each cause of action and defense to said causes of actions, along with citations to applicable statutes and caselaw, has been delineated in papers, which are incorporated herein, in support of, and in opposition to, the prior Motions to Dismiss the Complaint and Amended Complaint.

h.  Legal basis for each defense asserted:

Included in paragraph e above. The legal basis for each cause of action and defense to said causes of actions, along with citations to applicable statutes and caselaw, has been delineated in papers, which are incorporated herein, in support of, and in opposition to, the prior Motions to Dismiss the Complaint and Amended Complaint.

i.  Preponderance of the evidence

j.  An amended Complaint was filed on June 3, 2005 and, after the Court denied the Motion to Dismiss the Amended Complaint in an Order dated March 12, 2007, an Answer to said Amended Complaint was filed on or about March 27, 2007.  However, the parties retain their right to seek Court permission of any appropriate amendment to their respective pleadings as a result of discovery and each party retains the right to oppose any such application.

k.  At the present time, the parties do not consent to trial by a United States Magistrate Judge.

l.  The parties have not yet exchanged initial disclosures pursuant to Rule 26(a)(1).  The parties have agreed that the deadline for said exchange is May 18. The parties agree to include in their respective initial disclosures any and all information presently known, or with reasonable diligence can be determined or discovered, by the party concerning the current address and any other relevant information relating to the current whereabouts of Ms. Elizabeth Acton.

m.  Anticipated discovery and deadliness includes the following:

   i.  Rule 26(1) initial mandatory disclosures to be exchanged no later than May 18, 2007.

   ii. Initial written discovery requests including Notice to Take Depositions, Interrogatories, Demand for Production and

>     Requests for Admissions to be served upon opposing counsel no later than June 1, 2007.

iii. Answers to initial written discovery requests to be served within the time periods provided by the Rules of the Court. To the extent that either party is aware of, or has alleged in any prior papers filed with this Court, the possession of relevant documents with any non-party, irrespective of whether it is alleged that said possession was obtained properly or improperly and/or was with the permission or advance knowledge of the party, the party to this action shall issues subpoenas, both testimonial and duces tecum, including subpoenas to appear at a depositions, to such non-party, as promptly as practical and, in the case of Ms. Elizabeth Acton, no later than June 4, 2007.

iv. Fact witness depositions to be concluded by:
Plaintiff requests a deadline of July 31, 2007. Defendants request a deadline of October 31, 2007. The parties have agreed that each will urge their schedule as appropriate to the Court at the May 4 pre-trial conference, and the Court will determine which schedule is appropriate.

v. Mutual exchange of expert witness designations and/or reports to be concluded by:
Plaintiff requests a deadline of July 1, 2007. Defendants

        request a deadline of October 1, 2007.  The parties have agreed that each will urge their schedule as appropriate to the Court at the May 4 pre-trial conference, and the Court will determine which schedule is appropriate.

   vi.     Expert witness depositions to be concluded by:

        Plaintiff requests a deadline of August 31, 2007.

        Defendants request a deadline of November 30, 2007.

        The parties have agreed that each will urge their schedule as appropriate to the Court at the May 4 pre-trial conference, and the Court will determine which schedule is appropriate.

   vii.    Discovery to be concluded by:

        Plaintiff requests a deadline of September 30, 2007.

        Defendants request a deadline of December 31, 2007. The parties have agreed that each will urge their schedule as appropriate to the Court at the May 4 pre-trial conference, and the Court will determine which schedule is appropriate.

n.     The parties anticipate the hiring of expert witnesses. The deadline for the disclosure of expert's reports and/or the name and address of any expert for either party is: Plaintiff requests a deadline of August 31, 2007.  Defendants request a deadline of December 31, 2007.  The parties have agreed that each will urge their schedule as appropriate to the Court at the May 4 pre-trial conference, and the Court will determine which

    schedule is appropriate.

o.  No limitations on discovery Rules are anticipated.

p.  There have as yet been no substantive settlement discussions with, nor offers by, either party. The monetary losses that are alleged by the Plaintiff are described in the Complaint. The amount of money invested by Plaintiff in the limited partnerships is not in dispute.

q.  Plaintiff has requested a jury trial. Defendants reserve the right to oppose such request and contend that the arbitration clauses in each of the limited partnership agreements preclude a jury trial and this action.

r.  None anticipated.

Respectfully submitted,

s/_____
Eric N. Aglow, Esquire
UAW Legal Services Plan
10 Woodbridge Center Drive
Suite 730
Woodbridge, New Jersey 07095


s/_____
Alfred Ferrer III, Esq., Of Counsel
Eaton and Van Winkle, LLP
3 Park Ave.
16th Floor
New York City, New York 10016
Attorneys for Defendant

Dated: April 27, 2007

-11-

-12-