ALFRED FERRER III

ATTORNEY AT LAW

61 BROADWAY · SUITE 1601

NEW YORK, NEW YORK 10006

TELEPHONE: (212) 991-6726
FAX: (212) 267-3024

EMAIL: aferrer@alfredferrer.com

September 18, 2007



**BY HAND**

Hon. Theodore H. Katz
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1660
New York, New York 10007

Forrest v. Unifund Financial Group, Inc., et al.,
U.S. Dist. Ct., S.D.N.Y., 04 Civ. 5151 (LTS)(THK)

Dear Magistrate Judge Katz:

    I am of counsel to Eaton & Van Winkle LLP, 3 Park Avenue, New York, New York 10016, for the representation of defendants in the above action. I respectfully respond to the letter of plaintiff's counsel, Eric N. Aglow, dated September 10, 2007, and received by mail on Thursday, September 13, 2007 ("Plaintiff's Letter").

    While there is much defendants disagree with concerning the such letter's description of the nature and proceedings in this action, I will restrict this response to the pertinent matters concerning discovery.

    To the extent Plaintiff's letter suggests noncompliance with discovery on the part of defendants, it is in error. Defendants have produced 537 pages of documentation to plaintiff's counsel and permitted inspection of another six boxes of documentation just as they have been kept in a storage facility for years along with the files of several companies that went out of business due to the dot.com and tech stock downturn in the capital markets beginning in March 2000. Plaintiff, whose tort claims were dismissed previously in this action as time-barred, made the investments in the debt of certain limited partnerships the subject of her suit in 1998 and 1999, just before the market crash. Repayment of the debt instruments was due her at the earliest in late 2001, after the World Trade Center terrorist attacks.

    Although we offered to immediately copy any such documents selected by counsel during that review, counsel chose to await a further request by him which we have received and we expect to be able to respond to that request within a week, by Tuesday, September 25, 2007.

    To the extent there has been delay in the production of any responsive documents which were, without authority, unlawfully taken from the files of the defendant companies by a non-

Hon. Theodore H. Katz
September 18, 2007
Page 2

party, Ms. Elizabeth Acton, which we were able to get delivered to an independent copy service which is still holding those documents, that delay is due to the nature and condition of those documents as delivered to the copy service by Ms. Acton. The documents delivered by her included unopened mail, piles of unrelated documents in no particular order, and, which has caused the most delay, documents electronically stored on 27 computer disks and four zip drives. The hardcopy documents, totaling 3,556 pages, have already been bates-stamped; however, the electronic copying of the computer disks and zip drives has not been completed but is expected to be completed by the end of this week.

    We presently expect to be in a position to provide plaintiff's counsel by next Tuesday, September 25, with any responsive documents from those files, together with logs of those documents not being produced, either due to non-responsiveness or privilege.

    We have indicated that, once document production is complete, both Mr. Barter and Ms. Barter will be produced for depositions at the office of plaintiff's counsel.

    We suggest that the Magistrate Judge await our expectation of completing document production by September 25, 2007, and if plaintiff's counsel thereafter has any issues he would like to present, I am available for a phone or court conference anytime the following day, September 26, or October 2 through 4.

Respectfully yours,

Alfred Ferrer III
Of Counsel to Eaton & Van Winkle LLP
for purposes of this action

cc: Eric N. Aglow, Esq. (By Fax before this letter was hand-delivered to the Court)

*[Handwritten note:]* All responsive documents shall be provided by no later than September 27, 2007. If any disagreements remain, the parties must first attempt to resolve them before seeking Court involvement. The parties may submit a proposed amended scheduling order. So ordered. 9/19/07 Theo. H.K. U.S.M.J.