# UAW LEGAL SERVICES PLAN
10 Woodbridge Center Drive
Suite 730
Woodbridge, New Jersey 07095
Phone: (732) 602-1166   Fax: (732) 602-9730

Eric N. Aglow
Managing Attorney
Admitted in NJ, NY & DE

E-Mail: Ericag@uawlsp.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/7/07

OVERNIGHT MAIL

October 31, 2007

Hon. Theodore Katz
United States District Court Magistrate
Southern District of New York
United States Courthouse
Courtroom 1660
500 Pearl Street
New York City, New York 10007

    RE: Forrest v. Unifund Financial Group, et al
        Case No. 04-5151

Dear Magistrate Katz:

   I am attorney of record for the Plaintiff in the above entitled action. I unfortunately find it mandatory to once again seek intervention by the Court on this matter despite a recent telephone conference with the Court.

   The Court conducted a telephone conference on this matter on October 24. That conference, as was the case with the previous two conferences, were solely necessitated by a continuous and intentional pattern of obstructionist tactics by Defendant's counsel and non-compliance with the Orders of this Court.

   The Court heard argument of counsel, along with the startling admissions of Defendant's attorney that he had not complied with prior

Orders of the Court. After Defendant's counsel indicated that some documents would be hand-delivered the day of the conference, the Court ordered that all remaining hard copies of documents demanded in long overdue Demands for Production, be submitted to Plaintiff's counsel "tomorrow", that being October 25. The Court specifically stated that such an Order was to be considered as "so-ordered".

The other portions of the Court's Order relating to modified discovery deadlines (all required by the dilatory tactics of Defendant's counsel) were memorialized in the Order entered by the Court on October 24.

On the date of the conference, I received 375 pieces of papers from Defendant's which obviously were sent in anticipation of the conference. One Hundred Fifty Eight pages consisted of reports produced by Defendant which can best be described as self-serving "research" opinion reports prepared by Defendant Barter concerning his personal outlook about the economy. Although these documents were demanded and were previously viewed by Plaintiff's attorney, they are certainly not strategically important to, nor probative of, the causes of action underlying this action.

Also produced were a mere 217 pages of what Defendants appear to claim to be all of the "buy-sell" memos in their possession relating to all investments made by Defendants on behalf of all investors for a period of several years.

Pursuant to prior directions of the Court to resolve discovery disputes with opposing counsel, I wrote to Defendant's counsel on October 27 (sent by e-mail) of his failure to comply with the Court's Order and imposing a deadline of Monday, October 29 for either the production of the documents or a reasonable explanation (copy attached hereto). There has been absolutely no response from Defendant's counsel as of the mailing of this letter as there was no response to the last letters to Defendant's counsel prior to the recent telephone conference with the Court.

Defendant's counsel still has failed to produce any of the documents that were the subject of my subpoena to a third party nor most of the other demanded documents, including the obviously essential bank statement of the Defendants, all in violation of the last several Orders of this Court.

    I am once again requesting leave to file a motion and/or the scheduling of a conference in the Courtroom in order to both establish a clear record of the failure of Defendant to comply with the Orders of this Court and to enable this Court to impose the appropriate consequences and sanctions upon Defendants and Defendants' counsel. In addition, these further intentional delays by Defendants' counsel make the recently revised discovery deadline order entered by the Court inappropriate for the reasons already enunciated to the Court during the telephone conference.

                                       Respectfully Submitted:

                                         Eric N. Aglow

cc: Alfred Ferrer, Esq. (overnight)

*[Handwritten order by Judge:]* Defendants are in violation of this Court's October 24, 2007 Order requiring the production of long-overdue documents by October 25, 2007. Moreover, they have failed to even respond to Plaintiff's October 31, 2007 letter.

Defendants shall produce all responsive documents by November 13, 2007, or else they shall face sanctions, including the possible entry of a default judgment.

Defendants shall pay the costs incurred by the need to write the October 31 letter, in the amount of $250.00. The money shall be remitted to Plaintiff's counsel by November 16, 2007.

SO ORDERED

11/7/07

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE